495 P.2d 864

Robert R. JACKSON et al., Appellants,

v.

David Scott MEARIG and Nancy Mae Mearig, his wife, Appellees.

No. I CA–CIV 1644.

Court of Appeals of Arizona, Division 1.

April 13, 1972.

Harold R. Scoville, Phoenix, for appellants.

Arthur M. Johnson, Johnson, Tucker & Jessen, Phoenix, for appellees.

KRUCKER, Chief Judge.

Plaintiff-appellant, Robert R. Jackson, brought suit against defendants-appellees seeking to recover damages for personal injury arising out of an automobile collision. Defendants' original answer denied liability, but during the trial the answer was amended to admit liability. Consequently, the only question for the jury was the amount of damages to be awarded to plaintiff. The jury returned a verdict of $101 in favor of the plaintiff, Robert Jackson. Plaintiff's motion for a new trial was denied and the trial court ordered an additur of $117, which was accepted by the defense. From this denial of a new trial plaintiff (Robert Jackson, only) appeals.

Plaintiff, Robert Jackson, is a 34-year-old employee of Motorola in Phoenix, Arizona. His employment since leaving high school has always involved heavy physical labor. He had never had any back problems until after the accident in question. On November 9, 1968, plaintiff was stopped in traffic in Tempe, Arizona, when his Mercury stationwagon was rear-ended by the defendants' truck. Plaintiff contends that he suffered a severe back injury as a result of the accident.

Plaintiff-appellant's argument on appeal is that the jury's verdict was the result of passion and prejudice and mandates a new trial and that the trial court abused its discretion in refusing the new trial and granting the additur.

This court had occasion just recently to review the law regarding insufficient verdicts. In Creamer v. Troiano, 16 Ariz.App. 538, 494 P.2d 738 (filed March 17, 1972), we pointed out that the first determination to be made by the trial judge is whether the verdict is so inadequate as to be the result of passion and prejudice. If the court finds the verdict to be illegal as a result of passion and prejudice, then a new trial *must* be granted. On the other hand, if the trial court determines the verdict to be merely insufficient it may exercise its discretion in awarding an additur and denying a new trial. Such is the posture of the case before us.

Similar circumstances to those presently before this court existed in Zadro v. Snyder, 11 Ariz.App. 363, 464 P.2d 809 (1970). In *Zadro* the trial judge had determined only that the verdict was insufficient and had granted an additur. Defendant accepted the additur, but plaintiff appealed. We held that the adequacy of a jury's award is within the discretion of the trial judge and his determination will not be disturbed on appeal unless the verdict is without support in the evidence.

The size of the verdict alone is not sufficient evidence of passion and prejudice on the part of the jury. Meyer v. Ricklick, 99 Ariz. 355, 409 P.2d 280 (1965); Keen v. Clarkson, 56 Ariz. 437, 108 P.2d 573 (1940). In *Meyer,* the jury verdict for plaintiff was $5,500, which plaintiff appealed as inadequate since the special damages introduced amounted to $5,497.40. The *Meyer* court.

concluded that when there is conflicting evidence as to the extent of plaintiff's injuries, the amount of money which would properly compensate the plaintiff is a question for the jury. The court decided that the jury could have limited its verdict based on any of several factors including the possibility that the "medical expenses she allegedly incurred were not proved as reasonable. . . ."

Plaintiff, on appeal, maintains that his "uncontradicted" special damages totaled $689.75 and that the award of $101 could be the result of nothing but passion and prejudice. He further maintains that the additur of $117 did not cure this illegal verdict.

The test of appellate review in the "insufficient verdict" situation· was discussed by this court in *Creamer*, supra, and *Zadro*, supra. The burden is upon the appellant to show that the trial judge abused his discretion and that the verdict is without support in the evidence.

In our review of the record we find a clear conflict as to the extent of plaintiff's injuries. Plaintiff introduced several witnesses who testified regarding the severity of his injury and the medical treatments necessitated thereby. Defendant introduced two doctors who had examined the plaintiff and found him to have no residual disability. Because the jury and trial judge have the opportunity to observe the demeanor of the witnesses and to evaluate their credibility, we will defer to their judgment. The fact that the verdict is less than the medical expenses testified to by plaintiff's witnesses suggests that the jury found that all or part of these expenses were unreasonable. We find no abuse of discretion by the trial judge.

The judgment is affirmed.

HATHAWAY and HOWARD, JJ., concur.

Note: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.