503 P.2d 413

**Adolph ROMERO and Bertha Romero, his wife, Appellants,**

v.

**Jerry Ray STINES and Charles Stines, Appellees.**

**No. 1 CA–CIV 1631.**

Court of Appeals of Arizona,
Division 1,
Department A.

Nov. 28, 1972.

Rehearing Denied Dec. 29, 1972.

Review Denied Jan. 30, 1973.

———◆———

Gorey & Ely, by Herbert L. Ely, Phoenix, for appellants.

Renaud, Cook, Miller & Cordova, by Richmond K. Turner, Phoenix, for appellees.

STEVENS, Presiding Judge.

This appeal follows the entry of a verdict and judgment in favor of plaintiffs-appellants and against defendants-appellees in the sum of $950.00 for injuries suffered by Bertha Romero as a result of having been struck by an automobile driven by Jerry Ray Stines.

The accident occurred at a crosswalk where traffic was regulated by a traffic signal.

Following entry of the judgment, plaintiffs-appellants filed a motion for an additur to increase the judgment from the amount of the jury verdict and in the alternative, a motion for a new trial. The motions for additur and new trial were denied by the trial court.

Thereafter followed this appeal raising the following two issues.

1. Did the failure of the trial court to give a requested jury instruction, embracing the text of A.R.S. § 28–792, subsec. B, deny the plaintiff a fair trial and influence the size of the jury verdict?

2. Was the jury verdict so inadequate in relation to the evidence of pain, suffering, disability, medical costs and loss of earnings as to shock the conscience of this Court requiring a new trial on the issue of damages?

Statutory construction requires that the provisions of a statute must be read and construed in context with the related provisions and in light of its place in the statutory scheme. When so viewed, A.R.S. § 28–792, subsec. B, requested as an

**456**

instruction, applies to situations "when traffic-control signals are not in place" and is not applicable to the factual context of this matter. To interpret the section otherwise would be inconsistent with A.R.S. § 28–645, subsec. A and with § 28–791, subsec. A which immediately precedes § 28–792 and commences Article 10 entitled "Pedestrians Rights and Duties" and reads, in part:.

"A. Pedestrians shall be subject to traffic-control signals at intersections as provided in § 28–645 * * * but at all other places pedestrians shall be accorded the privilege and shall be subject to the restrictions stated in this article."

We note from the record that A.R.S. § 28–645, subsec. A, which sets forth defendants' duty to pedestrian-appellant, was given as an instruction by the trial court. The jury, fairly and adequately instructed, found liability against the defendant.

As to the second question, Division 2 of this Court has recently reviewed the law on insufficiency of verdicts. Jackson v. Mearig, 17 Ariz.App. 94, 495 P.2d 864 at 865 (1972), and Creamer v. Troiano, 16 Ariz.App. 538, 494 P.2d 738 (1972).

"(T)he first determination to be made by the trial judge is whether the verdict is so inadequate as to be the result of passion and prejudice. If the court finds the verdict to be illegal as a result of passion and prejudice, then a new trial *must* be granted. On the other hand, if the trial court determines the verdict to be merely insufficient it may exercise its discretion in awarding an additur and deny[ing] a new trial." (Emphasis theirs.)

Appellants have raised only the issue of insufficiency in their contention that the jury verdict was the result of passion and prejudice.

"The size of the verdict alone is not sufficient evidence of passion and prejudice on the part of the jury." Jackson, supra, citing Meyer v. Ricklick, 99 Ariz. 355, 409 P.2d 280 (1965) and Keen v. Clarkson, 56 Ariz. 437, 108 P.2d 573 (1940).

 Qualified by the above, a review of the record reveals no indication that the verdict of the jury was the result of either passion or prejudice and this Court must conclude that the motion for new trial was properly denied.

The awarding of an additur by a trial court is discretionary where the court finds a verdict to be insufficient in light of evidence presented. In the case at bar evidence was presented refuting the damage amounts claimed by the plaintiffs. Denial of the motion for additur was in the proper exercise of the trial court's discretion and like the denial of the motion for a new trial supported by the record.

Affirmed.

CASE and DONOFRIO, JJ., concur.