133 Ariz. 527 (1982)
652 P.2d 1374
James GRANT, Joe Stertz, Alan Bandler, Paul Rosensteel and Gary R. Lisk, Plaintiffs-Appellants,
v.
The BOARD OF REGENTS OF the UNIVERSITIES AND STATE COLLEGES OF ARIZONA, a body corporate; Ralph M. Bilby, a member of the Arizona Board of Regents; Rudy E. Campbell, a member of the Arizona Board of Regents; Esther N. Capin, a member of the Arizona Board of Regents; Earl H. Carroll, a member of the Arizona Board of Regents; Thomas Chandler, a member of the Arizona Board of Regents; Dwight W. Patterson, a member of the Arizona Board of Regents; Dr. William Payne, a member of the Arizona Board of Regents; Sidney S. Woods, a member of the Arizona Board of Regents; Jack Penick, individually and in his capacity as Administrative Vice President of Arizona State University; John Schwada, individually and in his capacity as President of Arizona State University; George W. Morrell, individually and in his capacity as Director of Purchasing for Arizona State University; Steve Colby, individually and in his capacity as Controller of Arizona State University; Henry Spomer, individually and in his capacity as Assistant Controller of Arizona State University; Russ Nelson, individually and in his capacity as Assistant Controller of Arizona State University; Beta Sigma Corporation, an Arizona corporation, Defendants-Appellees.
No. 15839.
Supreme Court of Arizona, In Division.
October 20, 1982.
*528 Lewis & Roca by John P. Frank, Charles G. Case, III, and Foster Robberson, Phoenix, for plaintiffs-appellants.
Robert K. Corbin, Atty. Gen. by Anthony B. Ching, Asst. Atty. Gen., Phoenix, for defendants-appellees Bd. of Regents.
Jennings, Strouss & Salmon by Timothy W. Barton, Phoenix, for defendant-appellee Beta Sigma Corp.
HAYS, Justice.
This is an action brought by appellants as taxpayers of Arizona to enjoin payment of money by the Arizona Board of Regents under a contract alleged to be illegal in violation of A.R.S. § 34-201. The appellants brought suit pursuant to A.R.S. § 35-213. The trial court granted summary judgment for the Board of Regents. We affirm the summary judgment in favor of the Board of Regents, although we reach this result for reasons different from those of the trial court.
We have jurisdiction pursuant to A.R.S. § 12-2101 and 17A A.R.S. Rules of Civil Appellate Procedure, rule 19(e).
The appellants seek to enjoin expenditures by the Board of Regents in connection with the installation of a new sound system at Grady Gammage Auditorium on the theory that such expenditures violate the Arizona force account law. Section 34-201(C) requires that construction and alteration of any public building, exceeding five thousand dollars in total cost, be advertised for bids by private contractors rather than done by the state's own employees. It is uncontroverted that the labor for the installation of the sound system was done by employees of Arizona State University and that the cost of the project exceeded five thousand dollars.
In accordance with the statutory requirement of A.R.S. § 35-213, the appellants requested the attorney general of the state of Arizona to enjoin the expenditure of funds on this project. The attorney general declined appellants' request and appellants subsequently filed this suit.
Evidence at the preliminary injunction hearing established that the money spent on the sound system originated from either of two "local" sources, the Gammage Auditorium Account which is funded from student registration and tuition fees and ticket sales, and the Facilities Development Account, also funded from student fees. The fees retained in these "local" accounts are not reported to the state legislature.
The trial court held that an action will not lie under A.R.S. § 35-213 to recover allegedly illegal expenditures from funds to which the plaintiffs have not contributed. The court apparently considered Smith v. Graham County Community College Dist., 123 Ariz. 431, 600 P.2d 44 (App. 1979), to be dispositive.
In Smith, the plaintiffs, the Associated General Contractors of America, sought to enjoin the Community College District from making alterations of the roof of a campus building without having the work done by a licensed contractor. The plaintiffs contended that the college district had failed to comply with the Arizona force account law. The Court of Appeals held that because the plaintiffs were not taxpayers in the community college district they did not have standing to bring the action. "Because the theory allowing the taxpayer to maintain a suit is based upon his equitable ownership of the fund and his liability to replenish the public treasury for an insufficiency caused by misappropriation, we believe that the connection of the Associated General Contractors of America with the community college district is too remote." 600 P.2d at 46.
*529 Appellants urge us not to read into A.R.S. § 35-213 this common-law taxpayer standing requirement for maintaining a suit to challenge expenditures from state funds. We find that Smith is distinguishable and not controlling because that action was not brought under A.R.S. § 35-213. The common-law requirement that the plaintiff contribute to the fund which he challenges is expressly dispensed with by the language of A.R.S. §§ 35-212  213.
Arizona Revised Statutes, § 35-212,[*] gives the attorney general of Arizona the power to bring an action in the name of the state to enjoin the illegal payment of state money or to recover such money if already paid. Arizona Revised Statutes, § 35-213(A), provides that
"[i]f for sixty days after request made by a taxpayer of the state in writing, the attorney general fails to institute such an action as provided in § 35-212, any taxpayer of the state may institute the action in his own name and at his own cost with the same effect as if brought by the attorney general."
These statutes authorize any taxpayer to bring an action, after making the proper request upon the attorney general, to enjoin the illegal payment of state money. There is no requirement that the plaintiff contribute to the challenged fund. The plaintiff acquires his standing directly from the attorney general's right to bring the action. The only prerequisite to the taxpayer's standing is that the money in question be "state money." A taxpayer's action does not lie under A.R.S. § 35-213 where the funds from which the challenged payments are made are not state money. The issue which we consider is whether the "local" accounts from which payments were made for the installation of the sound system at Grady Gammage Auditorium are "state money" within the meaning of A.R.S. §§ 35-212  213.
Because A.R.S. Title 35, Ch. 1, Article 6, does not provide us with a definition of "state money," we must deduce the meaning from the context of the statutes. Statutory construction requires that the provisions of a statute be read and construed in context with the related provisions and in light of its place in the statutory scheme. Romero v. Stines, 18 Ariz. App. 455, 503 P.2d 413 (1972). We are persuaded by appellees' interpretation of the statutes and hold that the "local" accounts are not "state money."
A statutory distinction between funds appropriated by the legislature and other funds of the university is apparent throughout A.R.S. Titles 15 and 35. A.R.S. § 35-212 states that the money recovered in the action shall be "paid into the state treasury to the credit of the fund from which the payment was made." This phrase implies that "state money" is money in the state treasury credited to a particular fund therein. A.R.S. § 35-321(6) defines "state monies" as "all monies in the treasury of this state or coming lawfully into the possession or custody of the state treasurer." A.R.S. § 35-149 provides generally for the disposition by state agencies of private funds with the state treasurer but exempts university and state colleges from this provision. Finally, we cite A.R.S. § 15-1682 which gives the Board of Regents the power to retain in its treasury all fees and tuitions from student activities and services.
Appellants urge us to adopt the rule that a taxpayer can maintain an action to enjoin the wrongful expenditure of state funds where the funds in question are not *530 raised by taxation or where the plaintiffs have not in some way contributed to them. A minority of courts in this country have extended the taxpayer's right to maintain a suit in equity where the money becomes part of the challenged funds through gift or other contribution. 131 A.L.R. 1230. We decline to consider this question because it is not properly before us. Appellants brought suit under a remedy provided by law and must comply with the prerequisites of that statute. Because the two local accounts are not "state money," appellants do not have standing under A.R.S. § 35-213 to enjoin expenditures from these funds.
We affirm summary judgment in favor of the appellees.
HOLOHAN, C.J., and CAMERON, J., concur.
NOTES
[*] § 35-212. Injunctive and civil remedies

The attorney general, under appropriate circumstances, shall bring an action in the name of the state to enjoin the illegal payment of state money, or if the money has been paid, to recover such money plus twenty per cent of such amount and interest and costs, to be paid into the state treasury to the credit of the fund from which the payment was made.