464 P.2d 809

Louis E. ZADRO, a single man, Appellant,

v.

Marguerite A. SNYDER, a widow, Appellee.

No. 2 CA–CIV 759.

Court of Appeals of Arizona, Division 2.

Feb. 9, 1970.

Review Denied April 7, 1970.

364

Ted Pedersen, Tucson, for appellant.

Chandler, Tullar, Udall & Richmond, by D. B. Udall, Tucson, for appellee.

KRUCKER, Judge.

Plaintiff-appellant, Louis E. Zadro, sued Marguerite A. Snyder, defendant-appellee, for damages resulting from injuries sus-

tained in an intersection automobile collision. The jury rendered a verdict in favor of plaintiff, and judgment was so entered. Plaintiff, nevertheless, filed a motion for new trial. The trial court ordered an additur, which defendant accepted, and then denied the motion for a new trial. Plaintiff appeals that denial of the new trial and the additur.

The facts are as follows. On October 19, 1966, plaintiff was proceeding east in a pickup truck on East Prince Road in Tucson. Defendant, a 67-year-old widow, was proceeding north on Tucson Blvd. and arrived at the intersection of Prince Road, where there is a stop sign for northbound traffic. Defendant, failing to see plaintiff's pickup, proceeded to make a left turn on to Prince Road and the two vehicles collided. Plaintiff suffered injury to his right knee, which resulted in an operation to remove knee cartilage from the patella. A fifteen to twenty percent permanent impairment of that knee resulted.

Evidence was presented which showed that the plaintiff had had an automobile accident in Mexico some time before the accident in question and had suffered some injury to the same knee. In addition, evidence was presented that, following the accident in the instant case, plaintiff exercised his knee beyond the limits recommended by his doctor by playing basketball. The knee operation took place some time after this event.

The jury, in finding for the plaintiff, awarded damages exactly in the amount of the undisputed medical expenses and apparently denied recovery for the general damages of pain and suffering, etc. The trial court altered this award by providing an additur of $4,000 on plaintiff's motion for a new trial. Defendant accepted the additur. Plaintiff, still maintaining that he had not received sufficient damages, appealed.

Plaintiff specifically raises the following issues on appeal:

1. The jury's verdict was illegal.

2. The trial court erred in granting an additur.

3. The verdict and additur are not supported by the evidence.

## WAS THE JURY'S VERDICT ILLEGAL?

Plaintiff's basic contention in this appeal is that the jury's verdict was illegal. Specifically, he contends that it was illegal because it was so inadequate as to indicate passion, prejudice, and bias on the part of the jury.

The general rule in Arizona is that a verdict is illegal and can only be set aside when it is so grossly disproportionate as to show passion or prejudice. United Verde Copper Co. v. Wiley, 20 Ariz. 525, 183 P. 737 (1919). In evaluating this case, plaintiff essentially argues that the jury could not find the defendant liable and then simply award medical damages. There is uncontroverted medical and other testimony that plaintiff would continue to live with this injury as a permanent impairment and suffer considerable discomfort and decreased agility. Plaintiff contends that in finding defendant liable, the jury must have been swayed by the defendant's frailty and age to deny the proven general damages.

Division One of the Court of Appeals was confronted with a similar question in Meyer v. Ricklick, 1 Ariz.App. 494, 405 P. 2d 285 (1965). The jury found for the plaintiff and awarded him $5,500; the medicals offered were $5,497.45. The court held that when the jury clearly found liability but awarded only medicals, the trial court erred in refusing to grant a new trial. Implicit in the finding was that the jury cannot find liability but ignore general damages.

The Supreme Court, in reversing this same case, Meyer v. Ricklick, 99 Ariz. 355, 409 P.2d 280 (1965), held that there was substantial evidence from which the jury could have found the damages in the amount of $5,500. They said that in that

particular case there was some doubt about the reasonableness of the medicals presented. and that the award given could .well have included some of the medicals and generals, or they could have simply not believed the generals were proven.

The court did not specifically discuss the general rule presented by the Court of Appeals, to wit: that medicals alone are not enough, but seemed to indicate that looking simply at the size of the verdict and then presuming it is just medicals, and thus the result of passion and prejudice, is not a necessary legal sequence. The court stated the jury must be sustained unless the verdict is so exorbitant as to prove passion or prejudice.

We believe in the instant case we are confronted with facts which have none of the ambiguities of the *Meyer* case. The medicals here were never challenged as unreasonable; in fact, there is uncontroverted evidence in the record that they were reasonable. The jury awarded precisely the amount requested. There is also uncontroverted evidence that the plaintiff would suffer a permanent impairment as a result of the injury. And, lastly, the jury did in fact determine that defendant was liable for the injury and for the operation on plaintiff's knee as a proximate result thereof, as they awarded damages to cover the expenses of the operation, notwithstanding the testimony of plaintiff's playing basketball and his prior automobile accident. In short, we do not believe that an honest reading of the entire case can lead to any conclusion but that the jury found defendant liable and paid plaintiff his medical costs, but for reasons of their own chose to deny generals.

 Is this denial of general damages a showing of passion and prejudice? We have considered this carefully and conclude the following. Our Supreme Court, in *Meyer,* supra, has strongly suggested the answer is no, without some strong evidence that passion was truly the cause for the

determination. And since *Meyer,* our Supreme Court has adopted the new ·rule, Rule 59(i), Rules of Civil Procedure, 16 A.R.S., which provides that the trial judge may grant an additur or remittitur instead of a new trial when he determines that the damages awarded are inadequate or excessive. We perceive from this that there really are two determinations which must be made about a jury's verdict when the trial judge decides it has been too small. He can determine that it is so inadequate as to be a result of passion and prejudice, or he can determine it is *merely* insufficient. If he determines it is the result of passion and prejudice, then under Arizona case law he must grant a new trial. Myers v. Rollette, 6 Ariz.App. 43, 429 P.2d 677, vacated on other grounds 103 Ariz. 225, 439 P.2d 497 (1967). However, if he determines it is *merely* insufficient he can grant the new trial or make an additur under the new rule. We believe that ultimately, the determination of passion and prejudice must be clearly proven, or else the additur rule becomes of marginal significance in preventing further litigation. We believe this is what the Supreme Court had in mind when it said that the judgment must be so exorbitant as to indicate passion and that an appellate court should be exceedingly reluctant, when it reviews damages, to find prejudice.

 In the instant case, we do not believe that we can say the verdict here was the result of passion and prejudice. Even assuming that the jury gave only medical damages, but denied general damages, we cannot say this is outside their legal province. There has been no proof of passion and prejudice other than the suggestion that the jury sympathized with defendant. This is clearly different than the case of Ocana v. Ray Consolidated Copper Co., 22 Ariz. 112, 194 P. 959 (1921), where the jury found liability but awarded only one dollar. It is always possible here that the jury, despite the uncontroverted nature of the proof of general damages, did not

believe plaintiff's generals were compensable.[1]

## DID THE TRIAL COURT ERR IN GRANTING THE ADDITUR?

As indicated earlier, the trial judge, on determining that damages given are too small, first makes the threshold inquiry as to whether it was too small as a result of passion or prejudice. We have concurred with the trial court that it was not. The next question, then, is whether or not to grant a new trial or an additur.

■ We have found no specific Arizona decisions which indicate what the appellate standard of review is in cases challenging the judge's determination to make an additur as distinct from granting a new trial. We believe, however, that the rule is the same as our review of the trial court's determination generally whether or not to grant a new trial, for in the final analysis, the additur and new trial are alternative remedies for the trial court's determination. We believe the appellant must show that the trial judge abused his discretion in granting an additur or remittitur in order to reverse his determination. Railway Exp. Agency v. Mallory, 168 F.2d 426 (5th Cir. 1948), cert. den. 335 U.S. 824, 69 S.Ct. 48, 93 L.Ed. 378 (1948).

■ In the instant case we do not believe plaintiff has proven an abuse of discretion on the part of the trial judge in granting the additur. In a recent case decided by this court, in a slightly different context, McClain v. Sinclair, 2 Ariz.App. 543, 410 P.2d 500 (1966), we pointed out that:

"'* * * The adequacy of a jury's award is a matter peculiarly within the discretion of the trial court, and will not be disturbed on appeal unless it appears

that the amount is without support in the evidence.'" 2 Ariz.App. at 544, 410 P.2d at p. 501.

We do not believe that here, where there is a conflict in the evidence as to damages, that the trial court should be reversed when it determines that the additur was required. Cf., Wilkinson v. Mazur, 7 Ariz. App. 341, 439 P.2d 504 (1968); Pima County v. Bilby, 87 Ariz. 366, 351 P.2d 647 (1960).

## WERE THE AWARD AND ADDITUR INADEQUATE?

■ In evaluating the adequacy of the award, as it includes the additur, we apply the traditional test. Is the verdict so inadequate as to have been the result of passion and prejudice, and is it supported by the evidence? McClain, supra; Crystal Coca-Cola Bottling Co. v. Cathey, 83 Ariz. 163, 317 P.2d 1094 (1957). We believe that the trial court properly viewed the witnesses and evidence and that the award was appropriate. Since the jury had obviously chosen to believe plaintiff, there was more than adequate medical evidence for the judge to find that the injury would generate a fifteen to twenty percent permanent impairment of plaintiff's knee and that it would create pain and suffering and severely limit his formerly active, sportive life to the limit of $4,000. The judgment is affirmed.

HATHAWAY, J. and BEN C. BIRDSALL, Superior Court Judge, concur.

NOTE: Judge LAWRENCE HOWARD having requested that he be relieved from consideration of this matter, Judge BEN C. BIRDSALL was called to sit in his stead and participate in the determination of this decision.

---

1. We also point out the following. In this case evidence was presented of plaintiff's contributory negligence. Under Arizona's Constitution, Art. 18 § 5, and Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444 (1962), the jury, when finding contributory negligence, is not compelled to find for the defendant. It *may* do so if it wishes. Here, the jury found for the plaintiff for liability purposes, but we conceive the philosophy of the constitutional provision makes it possible for the jury, in a close case, to find liability one way, but at the same time reduce damages to accommodate the winning party's contributory negligence. We cannot say that this, in fact, is not exactly what occurred.