494 P.2d 738

**Virgil D. CREAMER and Jane Doe Creamer, husband and wife, and Kathy Jean Samoyoa, Appellants,**

v.

**Marshall TROIANO, Appellee.**

**No. 2 CA–CIV 1076.**

Court of Appeals of Arizona, Division 2.

March 17, 1972.

Rehearing Denied April 5, 1972.

Review Granted May 2, 1972.

· Lesher & Scruggs by D. Thompson Slutes, Tucson, for appellants.

D'Antonio & Videen, Silver, Ettinger & Karp by Jack A. Ettinger, Tucson, for appellee.

KRUCKER, Chief Judge.

The lawsuit here appealed was an action for personal injuries brought by Marshall Troiano against Virgil D. Creamer and Blanche Creamer, husband and wife, and Kathy Jean Samoyoa, Mrs. Creamer's daughter by a previous marriage. The trial judge granted the plaintiff's motion for a directed verdict on the issue of liability. The family purpose doctrine applied so that any negligence of Miss Samoyoa was imputed to her mother and stepfather. The damages question was tried to the jury and a verdict returned in favor of the plaintiff in the sum of $1,500. Judgment was entered in this amount. Plaintiff's attorney then moved for an additur, or, in the alternative, for a new trial only on the issue of damages. The court granted a new trial on the issue of damages unless the defendant would consent to an additur

in the sum of $6,000, or a total judgment of $7,500.[1] Defendants refused the additur and the new trial was granted on the ground that the damages awarded were insufficient and contrary to the weight of the evidence. Defendants are appealing the order granting a new trial.

The question for this court on appeal is whether the trial court abused its discretion in granting a new trial unless the defendants accepted the additur.

## GRANTING A NEW TRIAL

Appellant contends that the "test" of review enunciated in Hardy v. Southern Pacific Employees Association, 10 Ariz.App. 464, 459 P.2d 743 (1969), should apply here in support of the jury's verdict. We believe that a reading of *Hardy* with our subsequent decision in Zadro v. Snyder, 11 Ariz.App. 363, 464 P.2d 809 (1970), will explain the distinction between *Hardy* and the case *sub judice*.

Plaintiff-appellant's basic contention in *Zadro* was that the jury's verdict was illegal as a result of passion and prejudice and mandated a new trial. The trial court had determined only that the award was insufficient and had granted a $4,000 additur or a new trial in the alternative. Defendant accepted the additur and plaintiff still appealed for a new trial.

This court concluded that there are two determinations to be made by the trial judge when he determines that the jury's verdict is too small. He can determine initially that it is so inadequate as to be the result of passion and prejudice. And if he determines it to be the result of passion and prejudice then he *must* grant a new trial. However, he may determine that the award is merely insufficient and award an additur or a new trial in the alternative. As we said in *Zadro*:

"We believe that ultimately, *the determination of passion and prejudice must be clearly proven, or else the additur*

1. We note that an offer of judgment had been made in the amount of $7,500. We hope that courts are not automatically granting additurs equal to any offers of judgment made. Such a practice would discourage settlement of cases because the plaintiff will know that he risks nothing in proceeding to trial.

**540**

rule becomes of marginal significance in preventing further litigation. We believe this is what the Supreme Court had in mind when it said that the judgment must be so exorbitant as to indicate passion and that an appellate court should be exceedingly reluctant, when it reviews damages, to find prejudice." (Emphasis added) 11 Ariz.App. at 366, 464 P.2d at 812.

In *Hardy* we were called upon to review a determination by the trial court that the jury verdict was the result of passion and prejudice. We concluded that although the evidence was conflicting, the verdict was not so exorbitant as to indicate passion and prejudice and mandate a new trial.

In the case at bar the trial court determined the jury verdict to be insufficient and granted the additur or new trial alternative. The scope of appellate review in an "insufficient verdict" situation, as contrasted to a "passion and prejudice verdict," was adequately discussed in *Zadro*:

"We believe the appellant must show that the trial judge abused his discretion in granting an additur or remittitur in order to reverse his determination. Railway Exp. Agency v. Mallory, 168 F. 2d 426 (5th Cir. 1948), cert. den. 335 U. S. 824, 69 S.Ct. 48, 93 L.Ed. 378 (1948).

\*  \*  \*  \*  \*  \*

We do not believe that here, where there is a conflict in the evidence as to damages, that the trial court should be reversed when it determines that the additur was required. Cf., Wilkinson v. Mazur, 7 Ariz.App. 341, 439 P.2d 504 (1968); Pima County v. Bilby, 87 Ariz. 366, 351 P.2d 647 (1960)." 11 Ariz.App. at 367, 464 P.2d at 813.

Applying this principle to the case at bar, we find the evidence to be conflicting and conclude that the trial court was within its discretion in granting the additur or new trial alternative.

The judgment is affirmed.

HATHAWAY and HOWARD, JJ., concur.