717 P.2d 434

**Dallas HALL, Plaintiff,**

v.

**A.N.R. FREIGHT SYSTEM, INC., Defendant.**

**No. 18082–CQ.**

Supreme Court of Arizona,
En Banc.

March 12, 1986.

Robert Q. Hoyt, Tucson, G. David Gage, Phoenix, for plaintiff.

Chandler, Tullar, Udall & Redhair by D.B. Udall, Tucson, for defendant.

GORDON, Vice Chief Justice.

Judge Richard M. Bilby of the United States District Court for the District of Arizona has certified a question of law to this Court pursuant to A.R.S. § 12–1862. The question concerns the constitutionality of Arizona's Uniform Contribution Among Tortfeasors Act, A.R.S. §§ 12–2501—12–2509 (1984) (the "Act"). We have jurisdiction pursuant to A.R.S. § 12–1861.

The question of law certified to this Court is:

"Whether the Uniform Contribution Among Tortfeasors Act, A.R.S. §§ 12–2501 through 12–2509, is constitutional when, by its terms, it applies retroactively to accidents occurring before the effective date of the statute?"

The facts as agreed to by the parties are not complex. This is an action for personal injuries in which the plaintiff, Dallas Hall, alleges that he was injured by the negligence of defendant, A.N.R. Freight System, Inc., and the defendant denies negligence and alleges contributory negligence. Plaintiff was an employee of the J.H. Kelley Construction Company, engaged in employment as a laborer. On February 21, 1984, the defendant delivered PVC pipe to Kelley Construction's place of business. This pipe was involved in plaintiff's subsequent accident.

The District Court has certified that there is a rational basis for the court to instruct the jury on the issue of comparative negligence. Plaintiff's lawsuit was filed in United States District Court on September 7, 1984. The Uniform Contribution Among Tortfeasors Act, A.R.S. §§ 12–2501 et seq., became effective August 30, 1984. A.R.S. § 12–2505, for the first time in Arizona, provides for comparative negligence.[1] In short:

1. A.R.S. § 12–2505(A) provides:

"**§ 12–2505. Comparative negligence; definition**

A. The defense of contributory negligence or of assumption of risk is in all cases a question of fact and shall at all times be left to the jury. If the jury applies either defense, the claimant's action is not barred, but the full damages shall be reduced in proportion to the relative degree of the claimant's fault which is a proximate cause of the injury or death, if any. There is no right to comparative negligence in favor of any claimant who has intentionally, wilfully or wantonly caused or contributed to the injury or wrongful death."

The Act applies to all cases filed after its effective date, August 30, 1984. Section 3 of the Uniform Act reads:

1) Plaintiff was injured February 21, 1984.

2) The Act became effective August 30, 1984.

3) The personal injury action was filed September 7, 1984.

Thus the present case, filed approximately one week after the statute's effective date, plainly falls within the purview of the Act. However, the facts establishing plaintiff's cause of action occurred prior to the statute's effective date. Therein lies the controversy.

This Court has twice in the last year had the opportunity to interpret the Act. In *Cheney v. Arizona Superior Court For Maricopa County*, 144 Ariz. 446, 698 P.2d 691 (1985), we held that the trial court did not abuse its discretion by refusing to allow a plaintiff to voluntarily dismiss his pre-Act complaint without prejudice after an answer had been filed, in order to re-file the complaint after the Act became effective. In *Kriz v. Buckeye Petroleum Company, Inc.*, 145 Ariz. 374, 701 P.2d 1182 (1985), which was a certified question of law, we were called upon to interpret several provisions of the Act's contribution provisions. In both cases we reserved the question of whether the Act can constitutionally apply to facts which antecede its effective date.[2] That question is now squarely before us.

## I

Arizona's Uniform Contribution Among Tortfeasors Act is unusual because it combines comparative negligence and contribution provisions within the same Act. *See Kriz v. Buckeye Petroleum Co., Inc.*, 145 Ariz. at 377 n. 4, 701 P.2d at 1185 n. 4, and citations therein. Indeed, A.R.S. § 12-2505(A), which provides for comparative negligence, closely resembles the Uniform Comparative Fault Act. *See* Unif. Comparative Fault Act, 12 U.L.A. 39 (Supp.1985); *Kriz v. Buckeye Petroleum Co., Inc.*, 145 Ariz. at 377 n. 4, 701 P.2d at 377 n. 4.

Prior to the Act the plaintiff's contributory negligence, even if slight, could operate as an absolute bar to the plaintiff's right of recovery in a negligence action. *Cheney v. Arizona Superior Court For Maricopa County*, 144 Ariz. at 448, 698 P.2d at 693. "After the Act, however, slight negligence by plaintiff will not bar his damage action, but rather plaintiff's damages are reduced in proportion to relative degree of plaintiff's fault...." *Id.*

The defendant's attack on the Act is twofold. First, it claims that A.R.S. § 12-2505, which provides for comparative negligence, violates Article 18, § 5 of the Arizona Constitution.[3] Second, defendant urges that even if the Act itself is constitutional, it cannot constitutionally be applied to events which preceded its effective date. Although the certified question concentrates on the second issue, we must first address the constitutionality of the Act since its application to antecedent events is moot if the Act's provision for comparative negligence is unconstitutional. In addition, the importance of the constitutional issue raised by the defendant warrants resolution by this Court. Thus, as a preliminary

---

"**Sec. 3. Applicability**
The provisions of title 12, chapter 16, article 1, Arizona Revised Statutes, as added by this act, only apply to actions *filed* on or after the effective date of this act."
(emphasis added)

2. In *Cheney* we stated that, "[w]e do not decide in this case whether the Uniform Contribution Among Tortfeasors Act applies to actions which occurred prior to the effective date of the Act but which are filed after the effective date of the Act. We are merely deciding whether the Act applies to an action filed before the effective date that occurred before that date." 144 Ariz. at 145, n.1, 698 P.2d at 692, n. 1. Similarly, in

*Kriz* we stated that, "[a]t this time, we decline to decide whether it is permissible to proceed under UCATA where the tort occurred prior to UCATA but where the tort suit was filed after UCATA's effective date." 145 Ariz. at 379, 701 P.2d at 1187.

3. Although we will refer throughout this opinion to "the Act", the defendant is challenging only A.R.S. § 12-2505, the comparative negligence aspect of the Act. As noted *supra,* Arizona's Uniform Contribution Among Tortfeasors Act encompasses both contribution and comparative negligence.

matter we must analyze the Act and its relationship to art. 18, § 5.

## II

We begin, as we must, with the presumption that all legislative enactments are constitutional. *State v. Cook*, 139 Ariz. 406, 678 P.2d 987 (App.1984). "We will not declare an act of the legislature unconstitutional unless we are satisfied beyond a reasonable doubt that the act is in conflict with the federal or state constitutions." *Chevron Chemical Co. v. Superior Court*, 131 Ariz. 431, 438, 641 P.2d 1275, 1282 (1982). "All statutes are presumed to be constitutional and any doubts will be resolved in favor of constitutionality." *Arizona Downs v. Arizona Horsemen's Foundation*, 130 Ariz. 550, 554, 637 P.2d 1053, 1057 (1981). The burden of establishing that a statute is unconstitutional rests on the party challenging its validity. *State v. Arnett*, 119 Ariz. 38, 48, 579 P.2d 542, 552 (1978). The defendant has failed to establish that the Act is unconstitutional; indeed, we are convinced that the Act fully comports with art. 18, § 5 of the constitution.

Article 18, § 5 of the state constitution provides:

"§ 5. Contributory negligence and assumption of risk

Section 5. The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury."

Article 18, § 5 was designed to ameliorate the draconian consequences of contributory negligence by leaving to the jury the question of its existence.[4] *See generally* Note, "Comparative Negligence in Arizona", 1979 Arizona St. L.J. 581 (1979); Note, "Torts: Oklahoma's Uncharted Land of Comparative Negligence", 24 Okla. L. Rev. 122 (1974).

The power reserved to the jury is great indeed: "[t]he language of the provision is plain and unambiguous and ... indicates that the power or duty to finally and conclusively settle the question of contributory negligence or assumption of risk is, by its terms, transferred from the court to the jury." *Inspiration Consolidated Copper Co. v. Conwell*, 21 Ariz. 480, 486, 190 P. 88, 94 (1920). Since this Court first interpreted art. 18, § 5 in *Conwell*, we have not deviated from our belief that the jury is the sole arbiter of the existence or nonexistence of contributory negligence.

---

**4.** Arizona is one of only two states in the nation to have such a constitutional provision. The other is Oklahoma. *See* Okla.Const. art. XXIII, § 6. Article XXIII, § 6 of the Oklahoma Constitution reads:

"The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall at all times, be left to the jury."

The Oklahoma Constitution antedated Arizona's by three years, and Arizona's constitutional provision was copied from Oklahoma. *See* Gibbens, "Constitutionality of Oklahoma's Comparative Negligence Statute", 28 Okla.L.Rev. 33, 34 n. 8 (1975); *State v. Cress*, 22 Ariz.App. 490, 495, 528 P.2d 876, 881 (1974) ("It should be noted that our provision was adopted from an identical passage in the Constitution of Oklahoma").

Oklahoma adopted comparative negligence by statute in 1973. Oklahoma's statute provides that:

"Section 11. Contributory negligence shall not bar recovery of damages for any injury, property damage or death where the negligence of the person injured or killed is of lesser degree than the negligence of any person, firm, or corporation causing such damage.

In all actions hereafter accruing for negligence resulting in personal injuries or wrongful death or injury to property, contributory negligence shall not prevent a recovery where any negligence of the person so injured, damaged, or killed is of lesser degree than any negligence of the person, firm, or corporation causing such damage; provided that where such contributory negligence is shown on the part of the person injured, damaged or killed, the amount of the recovery shall be diminished in proportion to such contributory negligence.

Section 12. The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall at all times be left to the jury, unless a jury is waived by the parties."

Okla.Stat. tit. 23, §§ 11, 12 (Supp.1974).

Oklahoma's experience with the adoption of comparative negligence is thus especially enlightening in view of their constitutional provision identical to art. 18, § 5.

It is argued that the Act conflicts with art. 18, § 5 in two ways: by eliminating a constitutionally guaranteed defense, and by diminishing the constitutionally guaranteed role of the jury in determinations of contributory negligence. Turning to the first argument, we must determine whether art. 18, § 5 embodies, and thus protects, the common law rule of contributory negligence; or whether, in contrast, it is merely a procedural guarantee.

■■■ After reviewing the relevant decisions of the past interpreting art. 18, § 5, as well as the language of the section itself, we conclude that the provision is a procedural guarantee.

Article 18, § 5 prescribes the procedure that must be followed if contributory negligence is asserted as a defense; it does not in any way, shape or form guarantee the contributory negligence defense independent constitutional vitality. The constitutional provision has never been so interpreted, and we decline to do so today. Indeed, our decisions imply just the opposite.

Only five years after the adoption of our state constitution this Court had the opportunity to pass upon the constitutionality of the Employer's Liability Act, which provides in part for an apportionment of damages where the injured employee was guilty of contributory negligence.[5] At that time, art. 18, § 5 was raised as a challenge to the limited regime of comparative negligence provided for in the Employer's Liability Act. In *Superior & Pittsburg Copper Co. v. Tomich*, 19 Ariz. 182, 165 P. 1101 (1917), we responded that art. 18, § 5 "does not restrict the power of the legislature *to modify or abolish* the defense of contributory negligence." 19 Ariz. at 186, 165 P. at 1109. (emphasis added) "The restriction contained in the section is clear that no law shall be enacted which attempts to make the defenses of contributory negligence or assumption of risk, *when interposed*, determinable by the courts as a matter of law...." *Id.* (emphasis added) *Tomich* makes it crystal clear that art. 18, § 5 does not guarantee the right to interpose the defense of contributory negligence; it merely provides that *when* contributory negligence is raised as a defense the jury must always be the final judge of the facts and law pertaining thereto. *See also Layton v. Rocha*, 90 Ariz. 369, 368 P.2d 444 (1962).[6] Our later decisions affirm the conclusion that art. 18, § 5 did not elevate the defense of contributory negligence into the pantheon of constitutional rights. In *Alabam Freight Lines v. Phoenix Bakery, Inc.*, 64 Ariz. 101, 166 P.2d 816 (1946), we observed that "this constitutional provision has always been given effect *where the legal defense of contributory*

---

5. The original Employer's Liability law, Civ. Code 1913, tit. 14, chap. 6, provided in pertinent part:

 "The fact that the employee may have been guilty of·contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee." Civ.Code of Arizona 1913, § 3159.

 The current Employer's Liability law, A.R.S. §§ 23–801 *et seq.*, provides in pertinent part:

 **"§ 23–806. Contributory negligence or assumption of risk as question of fact; effect of comparative negligence on damages**

 "In actions brought under this article, the question of whether the employee was guilty of contributory negligence or assumed the risk is a question of fact and at all times, regardless of the state of the evidence relating thereto, shall be left to the jury. The fact that the employee was guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to the employee."

 It is noteworthy that the first sentence of A.R.S. § 23–806 is copied from art. 18, § 5, followed by provision for a regime of comparative negligence. We entertain no doubts as to the constitutionality of A.R.S. § 23–806. *See Superior & Pittsburg Copper Co. v. Tomich, supra.*

6. Even though *Tomich* was an employer's liability case, its holding sweeps much broader. The defendant had challenged *any* scheme of comparative negligence, however limited, as violative of art. 18, § 5. As *Tomich* made plain, *no* plan for comparative negligence in *any* context would violate the constitution. Both art. 18, § 5, though found in the "Labor" article of the Constitution, and *Tomich*, an employer's liability case, by their terms encompass the entire constitutional and statutory range. *See Davis v. Boggs*, 22 Ariz. 497, 199 P. 116 (1921).

*negligence existed."* *Id.* at 110, 166 P.2d at 821 (emphasis added). The procedural nature of art. 18, § 5 was emphasized later in the same decision when we noted that "[t]he consitutional provision was not enacted for the purpose of changing the common law as to the application of the doctrine." *Id.* at 112, 166 P.2d at 822. Contributory negligence is a creature of the common law, and absent explicit constitutional protection the common law is modifiable by the legislature. *S.H. Kress Electric Co. v. Superior Court,* 66 Ariz. 67, 182 P.2d 931 (1947); *State ex rel. Conway v. Glenn,* 60 Ariz. 22, 131 P.2d 363 (1942); *Tucson Gas & Electric Co. v. Schantz,* 5 Ariz.App. 511, 428 P.2d 686 (1964). Consequently the legislature was free to modify or abolish contributory negligence. *Tomich, supra.*

Our interpretation of art. 18, § 5 was echoed by the United States Supreme Court, which has similarly refused to recognize art. 18, § 5 as creating any substantive right under Arizona law. In *Herron v. Southern Pacific Co.,* 283 U.S. 91, 51 S.Ct. 383, 75 L.Ed. 857 (1931), the Court held that federal courts applying Arizona law could ignore the dictates of art. 18, § 5. "Implicit in the court's holding is that article 18, section 5 does not create a unique form of contributory negligence, but merely mandates a particular procedure in Arizona courts." 1979 Arizona St. L.J. at 590–591.[7]

Moreover, the defendant has failed to recognize that while the legislature was empowered to abrogate contributory negligence altogether, it chose merely to modify the concept. While the Act strips contributory negligence of its obnoxious common law consequences, the idea of contributory fault remains intact.

■ The drafters of the Act were careful to incorporate the exact wording of art. 18, § 5 into A.R.S. § 12–2505(A). The use of the terms "contributory negligence" and "comparative negligence" within the same statutory provision indicates that the legislature did not consider them to be incompatible, or even necessarily distinct, theories. *Cf. Arizona Downs v. Arizona Horsemen's Foundation,* 130 Ariz. at 554, 637 P.2d at 1057 ("the court has a duty to construe a statute so as to give it, if possible, a reasonable and constitutional meaning"). The defendant's argument that comparative negligence abrogates contributory negligence creates a false dichotomy. There is ample support for using the terms interchangeably: "[W]ith respect to the constitutional issue—whether the two labels denominate inconsistent legal theories—the first conclusion is that this is not necessarily the case. Rather, the two terms may more properly be considered as labels for two general forms of a single legal concept." Gibbens, *supra,* 28 Okla. L. Rev. at 36. "Comparative negligence is a way of dealing with plaintiff's contributory fault." *Id.* The majority of comparative negligence statutes use the words "contributory negligence" rather than "comparative negligence" in describing the defense applied when the plaintiff is allegedly negligent. *See* Note, *supra,* 1979 Arizona St. L.J. at 591. "[T]he two terms are not necessarily inconsistent, but rather two different forms of a single legal theory." *Id.*[8]

Thus on a theoretical level the Act is fully consistent with art. 18, § 5 since, as we have explained, art. 18, § 5 does not breathe constitutional life into the common law defense of contributory negligence. For purposes of art. 18, § 5, "contributory

---

7. Although *Herron* was decided prior to *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), *Herron's* continuing vitality was not affected by *Erie* because *Herron* did not rely on *Swift v. Tyson,* 41 U.S. (6 Pet.) 1, 10 L.Ed. 865 (1842), which *Erie* overruled. *Herron,* unlike *Swift* and *Erie,* concerned constitutional rather than decisional law. *Goar v. Compania Peruana de Vapores,* 688 F.2d 417, 423–424 n. 12 (1982). The Supreme Court has continued to rely on *Herron* as authority. *See, e.g., Byrd v. Blue Ridge Rural Electric Cooperative,* 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958).

8. Even the Uniform Comparative Fault Act, to which Arizona's UCATA has been compared, *see* text *supra,* uses the term "contributory fault". U.L.A. § 1.

negligence" and "comparative negligence" are consonant. The legislature, by specifically appending the language from art. 18, § 5 to the Act, obviously intended that the Act be consistent with the constitution. We agree with Gibbens' remark concerning Oklahoma's similar provisions: "[t]he statutory language is simply explicitly consistent with the constitutional language." 28 Okla.L.Rev. at 37.

On a practical level, it is plain that contributory and comparative negligence operate in tandem. While it is true that a jury can no longer apply contributory negligence as an automatic bar to recovery, the question of whether contributory negligence exists is still a threshold issue which must be resolved by the jury. The application of comparative negligence is not triggered until the jury determines that contributory negligence exists. Thus the existence of contributory negligence is a prerequisite to the exercise of comparative negligence. The jury's constitutionally protected right to determine the existence or nonexistence of contributory negligence, when asserted, remains the threshold determination triggering application of the Act. *See Crawford v. Superior Court In & For Pima County*, 144 Ariz. 498, 500, 698 P.2d 743, 745 (App.1984).

In fact, the jury's discretion was so great under pre-Act art. 18, § 5 that Arizona arguably had a system of *de facto* comparative negligence. That the jury had the power to ignore contributory fault is well established. *See Heimke v. Munoz*, 106 Ariz. 26, 30, 470 P.2d 107, 111 (1970) ("the trial court cannot direct a verdict even though the plaintiff's negligence is undisputed, and the trial court must not, directly or indirectly, tell the jury that it shall return a verdict compatible with the law of contributory negligence as declared by the court").

In addition, there is authority for the proposition that juries could *apportion* damages under art. 18, § 5 instead of simply applying an all or nothing rule. The leading case for that proposition is *Zadro v. Snyder*, 11 Ariz.App. 363, 464 P.2d 809 (App.1970). In that case the Court of Appeals stated that "we conceive the philosophy of the constitutional provision makes it possible for the jury, in a close case, to find liability one way, but at the same time reduce damages to accommodate the winning party's contributory negligence." *Id.* at 367 n. 1, 464 P.2d at 813 n. 1. This belief was reiterated in *State v. Cress, supra*, in which the Court of Appeals opined that "[t]he effect of contributory negligence in our state is that of a bastardized comparative negligence statute." 22 Ariz. App. at 495, 528 P.2d at 881. In fact, *Cress* ultimately concludes that, "[t]he difficulty that courts are faced with in properly instructing a jury will remain until Arizona recognizes Article 18, § 5, for what it is—a comparative negligence provision." *Id.* at 496, 528 P.2d at 882.

However, this interpretation of art. 18, § 5 was directly contradicted in a subsequent appeals court decision. *Crawford v. Superior Court In & For Pima County, supra*. Unlike *Heimke* or *Cress, Crawford* states that simply because under art. 18, § 5 "the jury had the absolute discretion to determine whether or not to apply the defense did not mean, however, that the jury had the right to apportion damages. If it elected to apply the defense, the plaintiff's recovery was barred." 144 Ariz. at 500, 698 P.2d at 745. *Crawford* did not discuss either the relevant footnote in *Heimke*, or *Cress*, but appears nonetheless to be on solid ground. Our decisions indicate that prior to the Act jurors had discretion to freely apply or discard contributory negligence as they saw fit, but only as an all or nothing proposition. *See, e.g., Layton v. Rocha*, 90 Ariz. 369, 368 P.2d 444 (1962); *Heimke v. Munoz, supra*.

We need not resolve the conflicting interpretations of art. 18, § 5, since the issue is now superseded by the Act. However, it is worth noting that both interpretations support the constitutionality of the Act. If in fact juries could (and almost certainly did) apportion damages, the Act merely legitimizes existing practice. If, as *Crawford*

suggests, juries were previously tied to a Hobson's choice, then the Act enhances the role of the jury. We have already decided that the Act does not impinge upon the constitutional provisions of art. 18, § 5. Thus changing Arizona law from common law contributory negligence to comparative negligence simply furthers the intent of the framers of Arizona's constitution to delegate responsibility to the jury. By enlarging the role of the jury, the Act augments the constitutional spirit embodied in art. 18, § 5.

### III

Having established that the Act is a constitutional enactment of the legislature, we now turn to the primary question posed by the District Court: can the Act constitutionally be applied to cases arising prior to the Act's effective date but filed subsequent thereto?

■ There can be little dispute that the legislature, when enacting comparative negligence, intended that the Act, "by its terms, [apply] retroactively to accidents occurring before the effective date of the statute." Section 3 of the Uniform Act provides in pertinent part that "The provisions ... only apply to actions *filed* on or after the effective date of this act."

When construing the meaning of a statute, it is our duty to supply a constitutional construction if at all possible. *Arizona Horsemen's Foundation*, 130 Ariz. at 554, 637 P.2d at 1054. However, "we are also cognizant of the established principle that the language of a statute is the best and most reliable index of its meaning, and where language is clear and unequivocal it is determinative of its construction." *Arizona Security Center, Inc. v. Arizona*, 142

Ariz. 242, 244, 689 P.2d 185, 187 (App. 1984). *See also State v. Arnett,* 119 Ariz. at 51, 579 P.2d at 555 ("if the language is plain, there is no occasion for construction or interpretation.") Here, the language admits of no ambiguity.

If the legislature had intended for the Act to apply only to actions *accruing* rather than filed after its effective date, it would have so provided. The filing of an action is clearly not synonymous with its accrual, since lawsuits may be filed months or even years after the litigated events occur.[9] *Cf. Raymond v. Jenard,* 120 R.I. 634, 390 A.2d 358, 359 (1978) (where new comparative negligence statute applied to "all actions hereafter brought", legislature intended to reach actions accruing prior to its effective date but sued on subsequent thereto; otherwise they "would have made the statute applicable to actions 'hereafter accruing' rather than those 'hereafter brought'.")

Confirmation that the legislature intended to reach events occurring prior to the Act's effective date does not, of course, dispose of the overarching issue of whether the legislative act was constitutionally permissible. Although we are fully cognizant that legislative enactments are entitled to a presumption of constitutionality, *see* discussion *supra*, at the same time "we are bound to uphold the Arizona Constitution, and the spirit and purpose of that instrument may not be defeated." *Selective Life Insur. Co. v. Equitable Life Assur. Soc.,* 101 Ariz. 594, 598, 422 P.2d 710, 714 (1967). The inherent duty and power of this Court to determine whether a statute runs afoul of our state constitution is well established. *State Board of Barber Examiners v. Edwards,* 76 Ariz. 27, 258 P.2d 418 (1953).[10]

---

9. A.R.S. § 12–542 provides in pertinent part that:
"... there shall be commenced and prosecuted within two years *after* the cause of action *accrues,* and not afterward, the following actions:
1. For injuries done to the person of another.
* * * * "
(emphasis added)

Statutes of limitations would be superfluous, even absurd, if "filing" were synonymous with "accrual".

10. The power of the Supreme Court to invalidate unconstitutional legislation is itself grounded in the constitution, with the proviso that such a decision must be made en banc. Article 6, section 2 of the constitution provides in part that "*the court shall not declare any law uncon-*

It is to this power that the defendant directs its appeal, contending that the Act, by including within its scope antecedent events, effects an unconstitutional deprivation of a substantive right upon defendant, *viz.* loss of contributory negligence.

The defendant's argument may appropriately be cast as a syllogism. Simply put, defendant argues that: (1) substantive legal rights may not be retroactively impaired, (2) contributory negligence is a substantive legal right, thus (3) contributory negligence may not be retroactively impaired. From this conclusion, the defendant explains, it is but a short step to the judgment that the Act, by encompassing past events, retroactively divests the defendant of common law contributory negligence as a bar to recovery and is therefore constitutionally infirm. While we have no quarrel with the merits of deductive reasoning, we must eschew the tempting simplicity of defendant's analysis, which, though a correct statement of the law, belies an underlying morass of semantic confusion.[11]

■ A. We begin with defendant's minor premise that contributory negligence is a substantive legal right. We agree with this proposition.[12] In *Allen v. Fisher*, 118 Ariz. 95, 574 P.2d 1314 (App.1978), the Court of Appeals stated that "it is generally agreed that a substantive law creates, defines and regulates rights while a procedural one prescribes the method of enforcing such rights or obtaining redress." *Id.* at 96, 574 P.2d at 1315. A rule affecting the measure of damages is substantive. *Bouldin v. Turek*, 125 Ariz. 77, 78, 607 P.2d 954, 955 (1979). The rule that contributory negligence is a substantive right was expressly enunciated by the Court of Appeals in *Crawford v. Superior Court In &*

*For Pima County, supra,* where the court concluded that "[t]he defense of contributory negligence is clearly a substantial legal right." 144 Ariz. at 551, 698 P.2d at 746. *See also Cheney v. Arizona Superior Court for Maricopa County, supra* (citing *Crawford* with approval for the same proposition).

However, the determination that contributory negligence is a substantive legal right merely begins, rather than concludes, our discussion. "Substantive" is merely a label we apply to certain legal rights. The conclusion that a particular legal right is substantive, in contrast to procedural, does not mean that it can never be modified or abolished by the legislature. "The rule is that any right conferred by statute may be taken away by statute before it has become vested." *In re Dos Cabezas Power District,* 17 Ariz.App. 414, 418, 498 P.2d 488, 492 (1972). The rule is the same for the common law. *S.H. Kress Electric Co. v. Superior Court, supra.*

Thus defendant cannot and does not base its objections to the Act solely upon the weak foundation that contributory negligence is a substantive legal right. Instead, the defendant recognizes that the label "substantive" acquires legal significance only in the context of legislative modification. Just as the defendant suggests, *substantive* rights may not be *retroactively* altered by the legislature. Thus the focus of our analysis must now turn to the defendant's major premise, that substantive legal rights may not be retroactively impaired or diminished.

B. "Any inquiry into the effect of a statute on antecedent events must have as its touchstone a consideration of A.R.S. § 1–244."[13] *Bouldin v. Turek,* 125 Ariz.

---

stitutional except when sitting en banc." (emphasis added).

**11.** We certainly cannot fault the defendant for this. The case law upon which both defendant and plaintiff largely rely fails to discriminate between substantive and vested rights, *see, e.g., Bouldin v. Turek,* 125 Ariz. 77, 607 P.2d 954 (1979); *Gulf Homes, Inc. v. Gonzales,* 139 Ariz. 1, 676 P.2d 635 (App.1983); *Allen v. Fisher,* 118 Ariz. 95, 574 P.2d 1314 (App.1978). Moreover,

the applicable case law uniformly employs "retroactive" as if its meaning were perfectly clear, when in fact "the emperor has no clothes."

**12.** But not a constitutional one. *See* discussion, *supra* part II.

**13.** **A.R.S. § 1–244. Retroactivity of statutes**
 "No statute is retroactive unless expressly declared therein."

at 78, 607 P.2d at 957. Arizona courts have fashioned an exception to this rule, by which a statute is not considered retroactive if it is merely procedural and does not affect an earlier established substantive right. *Id; see also Allen v. Fisher,* 118 Ariz. 95, 96, 574 P.2d 1314, 1315 (App. 1978); *Merchants Despatch Transportation Corp. v. Arizona State Tax Comm'n,* 20 Ariz.App. 276, 279, 512 P.2d 39, 42 (1973). However, our earlier determination that contributory negligence is a substantive right precludes application of this exception. Consequently, we are squarely faced with deciding what is meant by "retroactive" in the shibboleth "substantive rights may not be retroactively impaired." *See, e.g., Gulf Homes, Inc. v. Gonzales,* 139 Ariz. 1, 5, 676 P.2d 635, 639 (App.1983) ("when a statutory change affects substantive rights, the change is not applied retroactively to proceedings already pending"). *Allen v. Fisher,* 118 Ariz. at 96, 574 P.2d at 1315 ("when the new rule is one of substantive law, it cannot be applied retroactively.")

Although it is plain that statutes which retroactively affect substantive rights are prohibited, prior cases rarely, if ever, elucidate the circumstances under which a statute may be considered retroactive. All too often the term "retroactive" is simply invoked as a talismanic substitute for studied analysis.

When the defendant asserts that substantive legal rights cannot be retroactively impaired, he cannot mean that substantive rights may *never* be altered. Such a contention would sweep far too broadly, since substantive rights, whether statutory or common law, may be abrogated before vesting. *In re Dos Cabezas Power District, supra.* If the rule were otherwise, our continually changing landscape of ideas and laws would instead resemble a pet-

rified forest populated by the outmoded concepts of the past.

Nor can the defendant be heard to say that the prohibition against retroactive legislation means that statutes cannot affect past events. In Arizona it is conclusively settled that laws are not retroactive simply because they relate to past events. We have stated previously that, "in Arizona, statutes dealing with civil matters may not be applied retroactively in the absence of a specific provision to that effect. A.R.S. § 1–244. No such prohibition, however, applies to laws that operate on pre-existing conditions, *and such laws are not retrospective by their mere relation to antecedent conditions." Cohen v. State,* 121 Ariz. 6, 9, 588 P.2d 299, 302 (1978) (emphasis added). In *Tower Plaza Investments Ltd. v. DeWitt,* 109 Ariz. 248, 508 P.2d 324 (1973), this Court considered the effect of a tax which, though measured by gross receipts recorded after the enactment of the statute, was based upon leases entered into prior to the statute's enactment. We concluded that the tax was not retroactive, because· "[i]t is a general principle that a statute is not retroactive in application simply because it may relate to antecedent facts." *Id.* at 250, 508 P.2d at 326. *Accord, American Federation of Labor et. al. v. American Sash & Door Co.,* 67 Ariz. 20, 189 P.2d 912 (1948).[14]

As the question certified to this Court states, the Act, by its very terms, applies to accidents occurring before its effective date. Clearly, the mere fact that the Act applies to prior accidents does not make the Act retroactive in effect. Nor does the fact that the Act affects a substantive legal right render it retroactive. The critical inquiry in retroactivity analysis is not whether a statute affects a substantive right but whether a statute affects a *vested* right. Thus the implicit meaning of the statement "substantive rights may not be retroac-

---

14. We also note that procedural changes may be applied to past events without raising the specter of retroactivity. *See* discussion, *supra.* Thus the critical distinction is not between past and future *events,* but between procedural and

non-vested substantive rights on the one hand and vested substantive rights on the other. Only the latter may not be retroactively modified.

tively impaired" is "substantive rights may not be impaired *once vested.*"

## IV

The distinction between substantive and vested rights, while implied by the decisions of this Court and the Court of Appeals, has rarely, if ever, been explicitly delineated. Even those cases which have employed vested rights terminology usually fail to consider what constitutes a vested right and when it accrues. *See, e.g., Wilco Aviation v. Garfield,* 123 Ariz. 360, 362, 599 P.2d 813, 815 (1979) ("statutory changes in procedures or remedies may be applied to proceedings already pending except when the statute effects or impairs *vested* rights"), *State v. Sanchez,* 119 Ariz. 64, 66, 579 P.2d 568, 570 (1978) ("a statute can not be applied retroactively to impair a *vested* right.")

The rule that legislation may not retroactively disturb vested rights is simple enough; the difficulty arises in defining a vested right, and determining when a right actually vests. One of the earliest opinions of this Court, written soon after the ratification of our state constitution, adopted the following definition of vested rights:

"Rights are vested, in contradistinction of being expectant or contingent. They are vested, when the right to enjoyment, present or prospective, has become the property of some particular person or persons as a present interest. They are expectant when they depend upon the continued existence of the present condition of things until the happening of some future event. They are contingent when they are only to come into existence on an event or condition which may not happen or be performed until such other event may prevent their vesting."

*Steinfeld v. Neilsen,* 15 Ariz. 424, 465, 139 P. 879, 896 (1913).

■ We believe that a right vests only when it is actually assertable as a legal cause of action or defense or is so substantially relied upon that retroactive divestiture would be manifestly unjust. The defense of contributory negligence, while a substantive right, does not vest until a lawsuit has been filed. Prior to that time it is merely an inchoate right which cannot be asserted "until the happening of some future event." *See Steinfeld v. Neilsen,* 15 Ariz. at 465, 139 P. at 896. Contributory negligence is an affirmative defense which may not be asserted until the plaintiff has filed his lawsuit. Rule 8(d), Ariz.R.Civ.P., 16 A.R.S.; Ariz. Const. art. 18, § 5; *Cheney v. Arizona Superior Court for Maricopa County,* 144 Ariz. at 146, 698 P.2d at 693; *Davis v. Boggs,* 22 Ariz. at 508, 199 P. at 120. When a lawsuit is commenced the defendant gains "an immediate fixed right" to assert any substantive defense, which may not thereafter be prejudiced by the state. *See In re Dos Cabezas Power District,* 17 Ariz.App. at 418, 498 P.2d at 492. Until then, however, assertion of contributory negligence is contingent upon "an event or condition which may not happen" and thus cannot be characterized as a vested right. *Steinfeld v. Neilsen,* 15 Ariz. at 465, 139 P. at 896.

■ The notion that rights do not vest until the commencement of legal proceedings is not new to our jurisprudence. Indeed, it is implicit in the relevant case law. In *Allen v. Fisher, supra,* the Court of Appeals considered the effect of A.R.S. §§ 12–561 to 12–569 ("Actions Relating to Health Care") upon a claim for medical malpractice filed *before* the effective date of the new statutes. In particular, the Court addressed the question of whether the statutes could be applied to an action pending at the time they became effective and answered in the negative. 118 Ariz. at 96, 574 P.2d at 1315. The Court found that the collateral source rule, abolished by A.R.S. § 12–565, was substantive and could not be retroactively abrogated with respect to pending lawsuits. *Id.* In *Gulf Homes, Inc. v. Gonzales, supra,* the Court of Appeals held that a 1980 amendment to the Retail Sales Act, A.R.S. § 44–6001 *et seq.* could not apply to a lawsuit filed in 1976. The Court stated that "[w]hen a statutory change affects substantive rights, a change is not applied retroactively to proceedings

already pending." 139 Ariz. at 5, 676 P.2d at 639.

This Court, like the Court of Appeals, has consistently defined statutory changes as retroactive only when they affect cases already in litigation. In *Bouldin v. Turek, supra,* we considered whether A.R.S. § 12-341.01, which provides for an award of attorney's fees to the successful party in contract actions, applied to suits filed before the statute's effective date. After finding that provision for an award of attorney's fees was similar to a change in the measure of damages, and therefore substantive, we held that A.R.S. § 12.341.01 "does not apply to suits *commenced before its effective date.*" 125 Ariz. at 78, 607 P.2d at 955. (emphasis added). Similarly, in *Abrams v. Horizon Corp.,* 137 Ariz. 73, 669 P.2d 51 (1983) we considered the retroactive effect of 1980 amendments to A.R.S. §§ 23–352 and 23–355, the effect of which was to sharply limit the ability of an employee to recover treble damages or attorney's fees in a wage dispute action. The lawsuit in issue was filed two months before the statutory amendments, and we refused to give them retroactive effect. The clear import of *Abrams,* like *Bouldin,* is that "an earlier established substantive right", once vested by the filing of a lawsuit, may not be impaired. 137 Ariz. at 77, 669 P.2d at 55.

Finally, three recent opinions have answered questions raised by the new Act, and although none has addressed the specific question raised here, all are consistent with our opinion today.[15] In *Crawford v. Superior Court In & For Pima County, supra,* the plaintiff attempted to dismiss his pre-Act complaint without prejudice in order to re-file after the effective date of the Act. The trial court denied the motion, and the Court of Appeals affirmed. In so ruling, the court noted that contributory negligence is a "substantial" legal right which would be rendered less effective, though not destroyed, by allowing the plaintiff to re-file. 144 Ariz. at 500, 698

P.2d at 745. The lesson to be drawn from *Crawford* is that a suit, once filed, transforms any applicable defense from a mere expectancy into a vested right. In *Kriz v. Buckeye Petroleum Co., Inc., supra,* we considered several questions of statutory interpretation certified to us by the United States District Court, including, *inter alia,* the question of whether a contribution action filed before the Act's effective date could subsequently be amended to take advantage of the Act. We held that it could not. 145 Ariz. at 379, 701 P.2d at 1187. As with *Crawford,* the date we identified as controlling was the filing date. *Id.*

In *Cheney v. Arizona Superior Court For Maricopa County, supra,* we faced the very question raised in *Crawford* and reached the same result. In *Cheney* the complaint and answer were filed nearly one year before the adoption of the Act. Subsequent to the Act's adoption, the plaintiff moved to dismiss without prejudice and refile in order to gain the benefits of comparative negligence. We upheld the trial court's refusal to allow the motion, noting that the defendant would be deprived of a substantive defense which he had already asserted and relied upon. 144 Ariz. at 448, 698 P.2d at 693. By opposing the motion to refile, the defendant preserved his right to assert contributory negligence. We were not persuaded by the fact that at the time of the plaintiff's motion no substantive pretrial motions had been made and no trial date set. The distinction we emphasized was not whether a pending action had proceeded past some undefined point, but whether an action was pending at all. *Cheney,* like *Crawford* and *Kriz,* stands for the proposition that substantive rights vest upon filing, at which point they are no longer contingent. Since the legislature prescribed that only actions filed after the Act's effective date will be affected, no vested rights are implicated. As we concluded in *Cheney,* "[w]e can discern no plainer language manifesting an intent to act prospectively." 144 Ariz. at 449, 698 P.2d at 694.

---

15. Indeed, as we noted at the beginning of this opinion, the issue we now address was explicitly

reserved in both *Cheney, supra,* and *Kriz, supra.*

Nor can we say that the defendant has so substantially relied upon the common law rule of contributory negligence that it would be manifestly unjust to apply the Act to antecedent facts.[16] It would be startling indeed if the defendant acted in substantial reliance upon the contributory negligence rule when the accident occurred, since "[i]n the usual case, the negligence on both sides will consist of mere inadvertence or inattention, or an error in judgment, and it is quite unlikely that forethought of any legal liability will in fact be in the mind of either party." Prosser, *Torts,* § 67, at 433 (4th ed. 1971). Dean Prosser's observation certainly rings true with respect to contributory negligence. As our brethren on the Supreme Court of Washington noted, "It almost goes without saying that the existence or lack of such an affirmative defense has no effect on the every day conduct of individuals. Defendants do not act less negligently or more so because of the presence or absence of an affirmative defense of contributory negligence." *Godfrey v. State,* 84 Wash.2d 959, 961, 530 P.2d 630, 632 (1975). *See also Raymond v. Jenard,* 120 R.I. 634, 390 A.2d 358, 360 (R.I.1978) (assessing the constitutionality of Rhode Island's comparative negligence statute and noting that "the conclusion seems inescapable that defendants did not act in substantial reliance upon the contributory neg-

ligence rule when they committed their allegedly tortious act.")

Both plaintiff and defendant emphasize decisions by other state courts concerning the retroactive application of their respective comparative negligence statutes, and a brief survey is useful if only to illustrate that, due to the necessary reliance on state constitutional law, no consensus has emerged regarding the issue.

In *Joseph v. Lowery, supra,* the Oregon Supreme Court held that where the accident occurred prior to the effective date of comparative negligence legislation but the *trial* was held thereafter, the statute could not be applied retroactively. The statute, unlike Arizona's, was bereft of legislative direction regarding which cases it applied to. In *Dunham v. Southside National Bank of Missoula,* 169 Mont. 466, 548 P.2d 1383 (Mont.1976), the Montana Supreme Court ruled that Montana's new comparative negligence statute would not be retroactively applied. However, in *Dunham* the suit was filed prior to the effective date of the legislation; moreover, "[i]n Montana the contributory negligence rule is statutory in nature....", 548 P.2d at 1387, in contradistinction to Arizona's common law rule.

Other states have reached the conclusion that comparative negligence may be retroactively imposed. In *Peterson v. City of Minneapolis, supra,* the Minnesota Su-

---

**16.** Any substantial reliance argument raised by a defendant must focus on actual reliance at the time of the litigated occurrence, not upon any subsequent hope or expectation that the law will remain static if and until the injured party files suit. The assertion that a change in the applicable law prior to vesting somehow defeats legitimate expectations "seems to rest ... on the assumption that an act, once done, achieves its legal results instantaneously and full-blown. In fact, this is rarely the case...." Slawson, "Constitutional and Legislative Considerations in Retroactive Lawmaking", 48 Calif.L.Rev. 216, 219 (1960).

Until and unless a lawsuit is filed a potential defendant's affirmative defenses remain purely speculative; wholly contingent upon the filing of an action by some plaintiff. The Washington Supreme Court, when addressing the constitutionality of their comparative negligence statute, agreed that mere hope or belief that the law will remain unchanged does not constitute legally

cognizable reliance: "[a] vested right, entitled to protection from legislation, must be something more than a *mere expectation* based upon an anticipated continuance of the existing law...." *Godfrey v. State,* 84 Wash.2d 959, 961, 530 P.2d 630, 632 (1975) (emphasis in original). Moreover, we are not convinced that the defendant's faith in the advantages of the common law rule over comparative negligence is well-founded.

"While it may be true that some plaintiffs will recover under a comparative-negligence rule who would be barred under the contributory-negligence rule, it is also true that in many cases plaintiff, even though permitted some recovery, will recover less under comparative negligence for the reason that the fault of the parties is compared and plaintiff's recovery is diminished in proportion to the amount of negligence attributable to him."

*Peterson v. City of Minneapolis,* 285 Minn. 282, 173 N.W.2d 353, 358 (1969).

preme Court found no constitutional barrier to preclude application of their new statute even to cases filed before its effective date, where the legislative history indicated "that the bill as passed was intended to have retrospective effect." 173 N.W.2d at 356. In *Godfrey v. State, supra,* the Washington Supreme Court found no impediment to applying their statute to causes of action arising prior to its effective date, stating that

> "there is no vested right to a common law bar to recovery that is provided by the affirmative defense of contributory negligence. A defendant has no vested right in a tort defense, the merits of which are not determined until a subsequent trial and upon which he did not and could not have relied at the time the accident happened."

84 Wash.2d at 961, 530 P.2d at 631. (citation omitted).

The statute most similar to that adopted in Arizona was enacted by Rhode Island.[17] In *Raymond v. Jenard, supra,* the Rhode Island Supreme Court had occasion to consider the case now before us: where the injury occurred prior to the statute's effective date but was not sued upon until afterward. The Court essentially discarded the vested rights approach, and chose instead to balance the equities of what it termed a "manifest ... legislative intention that [the statute] operate retroactively". 390 A.2d at 359. The Court concluded that, "[i]n our judgment, their [the defendants'] right to the continuance of the pre-existing rule is not of such stature that its abrogation by retrospective legislation is inequitable." *Id.* at 361.

The canvass of our sister states' decisions, while informative, amply demonstrates why they are not particularly relevant to our own decision, which must be shaped by Arizona's unique constitutional and statutory calculus. While cases might be found which conflict with our approach to this issue, we are convinced that today's relief is consonant with applicable Arizona case law as well as sound public policy. We acknowledge that in some cases similarly situated parties may suffer differing consequences depending upon the fortuity of their filing date, but that is true any time we are called upon to draw lines. Line drawing is always an exacting judicial task, but a line is none the less accurate for being difficult.

The Uniform Contribution Among Tortfeasors Act, in particular A.R.S. § 12–2505, is a constitutional enactment of the legislature; and may constitutionally be applied to cases arising prior to the Act's effective date but filed subsequent thereto.

HOLOHAN, C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.

---

17. Rhode Island P.L.1971, ch. 206, § 1 provides: "*In all actions hereafter brought* for personal injuries, or where such injuries have resulted in death, or for injury to property, the fact that the person injured, or the owner of the property, or person having control over the property may not have been in the exercise of due care shall not bar a recovery, but damages shall be diminished by the jury in proportion to the amount of negligence attributable to the person injured, or the owner of the property, or the person having control over the property." General Laws 1956 (1969 Reenactment) § 9–20–4 (amended 1972). (emphasis added)