[Civ. No. 39177. Second Dist., Div. One. Dec. 8, 1971.]

ERNEST MILT NELSON et al., Petitioners, v.
CITY OF LOS ANGELES et al., Respondents.

## COUNSEL

Kenneth Sperry for Petitioners.

Roger Arnebergh, City Attorney, James A. Doherty and John Daly, Assistant City Attorneys, Siegfried O. Hillmer and Arthur D. Rutledge, Deputy City Attorneys, for Respondents.

## OPINION

**THOMPSON, J.**—This is a petition for writ of mandate originally filed in the Supreme Court and transferred to this court. The petition seeks a writ directing respondent city to comply with the provisions of section 184.95 and 190.142 enacted as amendments to article XVII of the Charter of the City of Los Angeles by vote of the public on May 25, 1971, and approved by the state Legislature on June 28, 1971. Having determined that the matter involves a pure question of law of great public interest, we issued our alternative writ. (*San Francisco Unified School Dist.* v. *Johnson*, 3 Cal.3d 937, 945 [92 Cal.Rptr. 309, 479 P.2d 669].) Respondent city filed a demurrer and return. We conclude that a peremptory writ of mandate must issue directing respondent city to comply with the provisions of the charter amendments.

There is no dispute of fact. Petitioners are, respectively, a member of the police department of respondent city retired in 1947 and the widow of a member of the police department who died while so employed in 1948. Both were receiving pensions from the city in 1971. On May 25, 1971, the qualified electors of respondent city adopted amendments to article XVII of its charter adding sections 184.95 and 190.142. The amendments raised the minimum pension payable to persons in the class of petitioners from $250 to $350 per month and increased annual cost of living increments in pensions from 2 percent to 3 percent. The state

Legislature approved the amendments on June 28, effective as of July 1, 1971.

Respondent city has refused to apply the provisions of the 1971 amendments to persons, including petitioners, who were already in a pensionable status on July 1, 1971. It contends that the amendments are void to the extent that they apply to persons in a pensionable status prior to that date because they are in conflict with article XI, section 10 of the California Constitution. That section, adopted June 2, 1970, provides: "A local government body may not grant extra compensation or extra allowance to a public officer, public employee, or contractor after service has been rendered or a contract has been entered into and performed in whole or in part. . . ."

■ The case at bench thus presents a narrow issue—is an increase in benefits payable to a city pensioner extra compensation or an extra allowance prohibited by article XI, section 10? We conclude that it is not.

While article XI, section 10, was added to the state Constitution in 1970, it did not introduce a new concept to the law of California. Rather it extended to charter cities and counties a limitation upon their power that for many years had restricted the action of the state Legislature and general law counties and cities. (Cal. Const., art. IV, § 17 [formerly § 32]; Cal. Const. Com., Proposed Revision of the California Constitution (1968) p. 65.) The section is also closely related in purpose to California Constitution, article XIII, section 25 (formerly art. IV, § 31) prohibiting gifts of public money. Cases construing the effect, if any, of those provisions of the California Constitution upon the right of a governmental body to increase the pensions of persons already in a pensionable status are thus persuasive of the meaning to be given article XI, section 10, the constitutional provision with which we are here concerned.

Analysis of those cases teaches that an increase in benefits to persons occupying a pensionable status is not to be treated as the payment of "extra compensation or allowance," as those terms are used in the proscription of article XI, section 10. Our Supreme Court, in 1941, considered the applicability of an amendment to the Los Angeles County Peace Officers Retirement Act by which widows of peace officers, including retired officers, became entitled to a pension not provided by the act before its amendment. The court sustained the validity of the pension provided for widows of retired officers against a claim that the payment of the pension would be a gift of public money. (*Sweesy* v. *L. A. etc. Retirement Bd.,* 17 Cal.2d 356 [110 P.2d 37].) It stated: "The law is well settled that addi-

tional benefits may constitutionally be provided for members of the [retirement] system who have acquired a pensionable status." (17 Cal.2d 356, 361.) Inherent in the statement of the settled principle is the rationale that an increase in pension benefits payable to a retired public employee or his widow on pensionable status is paid as the result of rights incident to that status and not as a matter of increased compensation or allowance. Unless that approach—i.e., that pensionable status includes the right not only to pensions as they exist at the time retirement is granted but also to increases in pensions—is adopted, the increase is a gift of public money. If, however, the right to future increases in pension benefits is inherent in pensionable status, no gift of public funds results from the increase since the right to that status is based upon services rendered and is not a gratuity. (*Brummund* v. *City of Oakland*, 111 Cal.App.2d 114, 121 [244 P.2d 441]; see also *Home* v. *Souden*, 199 Cal. 508 [250 P. 162].)

That rationale has been applied by the Court of Appeal in a factual situation strikingly similar to that present in the case at bench. There the widow of a deceased superior court judge, who had died prior to the enactment of an amendment to the Judges Retirement Act, claimed benefits under the amendment which on its face was retroactive in a fashion which granted her the rights claimed. The state Controller resisted her claim upon the ground that application of the amendment to grant benefits to the widow was precluded by California Constitution, article IV, section 32 (now art. IV, § 17). That constitutional provision is virtually identical with article XI, section 10, which constitutes the sole basis for the refusal to pay increased pension benefits in the matter at bench.[1] Relying upon the earlier authority holding that an increase in benefits to a person in a pensionable status is not a gift of public money in violation of California Constitution, article IV, section 31 (now art. XIII, § 25), the court held that the increased benefits to the widow granted by the amendment were not the grant of extra compensation or allowance to a public officer for services rendered by him and thus were not proscribed by the constitutional provision upon which the state Controller relied. (*Jorgensen* v. *Cranston*, 211 Cal.App.2d 292, 295 [27 Cal.Rptr. 297].)

Uniform precedent thus leads us to the conclusion that the increases in pension benefits granted to persons in a pensionable status by the 1971

---

[1]"Section 17. The Legislature has no power to grant, or to authorize a city, county, or other public body to grant, extra compensation or extra allowance to a public officer, public employee, or contractor after service has been rendered or a contract has been entered into and performed in whole or in part, or to authorize the payment of a claim against the State or a city, county, or other public body under an agreement made without authority of law."

amendments to the Los Angeles City Charter are not proscribed by California Constitution, article XI, section 10.

Let the peremptory writ of mandate issue directing respondent to comply with sections 184.95 and 190.142 of article XVII of the Los Angeles City Charter in the payment of pension benefits to petitioners and to cause to be paid to each petitioner such amounts as have accrued to him pursuant to those sections since July 1, 1971, together with interest thereon at the rate of 7 percent per annum. (*Mass* v. *Board of Education,* 61 Cal.2d 612 [39 Cal.Rptr. 739, 394 P.2d 579]; *Sanders* v. *City of Los Angeles,* 3 Cal.3d 252, 262 [90 Cal.Rptr. 169, 475 P.2d 201].)

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied January 6, 1972, and the judgment was modified to read as printed above. Respondents' petition for a hearing by the Supreme Court was denied February 7, 1972.