868 P.2d 1011

**Erna A. THURSTON, Plaintiff/Appellee,**

**v.**

**JUDGES' RETIREMENT PLAN, Elected Officials' Retirement Plan, and their Fund Manager, Defendants/Appellants.**

**No. 1 CA–CV 92–0449.**

Court of Appeals of Arizona,
Division 1, Department D.

Sept. 28, 1993.

Review Granted Feb. 15, 1994.

Broening Oberg & Woods by Gregg A. Thurston, Phoenix, for plaintiff, appellee.

Lieberman, Dodge & Sendrow, Ltd. by Marc R. Lieberman, Phoenix, for defendants, appellants.

## OPINION

WEISBERG, Judge.

The Judges' Retirement Plan, the Elected Officials' Retirement Plan, and their Fund Manager ("appellants") appeal the grant of summary judgment in favor of Erna Thurston ("Thurston"). Because we find that the statutory amendment under which Thurston makes her claim does not apply retroactively, we reverse.

## Facts and Procedural History

Thurston's husband was a superior court judge for eleven years. In February 1976,

he retired and began receiving retirement benefits. At the time of both his initial employment and his retirement, Arizona statutes provided that a spouse surviving the death of a judge receiving retirement benefits would be entitled to receive a pension equal to one-third of the judge's retirement pension. In 1981, before the death of Thurston's husband, the legislature changed the statute to provide that a surviving spouse would receive two-thirds of the judge's retirement pension ("the 1981 amendment").[1]

Thurston's husband died in 1989. Thurston applied for benefits equal to two-thirds of her husband's pension. Appellants, however, paid her only one-third of her husband's pension. Thurston filed a complaint in March 1991, claiming breach of contract and seeking monetary relief and declaratory judgment. In February 1992, Thurston filed a motion for summary judgment. Appellants responded and filed a cross-motion for summary judgment. In June 1992, the trial court granted Thurston's motion for summary judgment.

## Discussion

### A. Standard of Review

The parties agree there are no disputed facts in this case. The issue is purely legal: Does the 1981 amendment entitle Thurston to two-thirds of her husband's retirement pension? This court, therefore, is free to draw its own legal conclusions from the undisputed facts. *Arizona Bd. of Regents v. Phoenix Newspapers, Inc.*, 167 Ariz. 254, 257, 806 P.2d 348, 351 (1991).

### B. Effect of the 1981 Amendment

"No statute is retroactive unless expressly declared therein." A.R.S. § 1–244 (1989). Appellants argue that applying the 1981 amendment to Thurston would involve the improper retroactive application of the amendment. Thurston responds, in the al-

---

1. When Thurston's husband was appointed to the bench, the statute governing retirement benefits of elected officials provided that the "widow of any judge ... retired under the provisions of this Article shall ... receive ... *one-third* of the monthly benefits paid to such judge." A.R.S. § 38–801(C) (1965) (current version at A.R.S. § 38–807 (1985)) (emphasis added). When the judge retired in 1976, the law remained substantively the same. *See* A.R.S. § 38–801(C) (1976). In 1981, the legislature amended section 38–801(C) by changing "one-third" to "two-thirds." *See* A.R.S. § 38–801(C) (1981).

ternative, that either the amendment ought to apply retroactively, or, because she seeks benefits only for the time after the 1981 amendment, the application of the amendment is not really retroactive. In order to decide this issue, we must consider the nature of the retirement benefit statutes and the subsequent effect of amendments to them.

### 1. Is The Amendment Retroactive?

#### a. Retirement Benefits Are Contractual

■ Appellants and Thurston agree that a public employee's retirement benefits are part of the employee's employment contract. *See Yeazell v. Copins,* 98 Ariz. 109, 112–14, 402 P.2d 541, 543–44 (1965). The employment contract controls both the employee's rights and the retirement fund's obligations. The contract also controls the survivor's rights under the retirement plan.[2] Section 38–801(C) sets forth the survivor's pension benefit that is incorporated into each elected official's employment contract. Consequently, absent a change mandated by statute, Thurston's survivor's rights were fixed by contract prior to 1981.

#### b. Changing Retirement Benefits Is Retroactive

■ Thurston contends that, because the amendment only affects payments to be made after its effective date, its effect on her rights is not retroactive. The Arizona Supreme Court has defined "retroactive law" as one "which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past." *Tower Plaza Invs., Ltd. v. DeWitt,* 109 Ariz. 248, 250, 508 P.2d 324, 326 (1973). The court noted, however, that a statute "is not retrospective from the mere fact that it relates to antecedent facts." *Id.,* at 251, 508 P.2d at 327. In *Tower Plaza,* the issue was whether taxes on rental income could be levied on

rental receipts from leases formed before enactment of the tax. The court held that the receipt of rent was the taxable event or transaction. Therefore, taxation of rent received after the enactment of the tax would not be deemed to be a retroactive application.

In the instant case, Thurston's retirement benefits were vested prior to the 1981 amendment. *Yeazell,* 98 Ariz. at 115, 402 P.2d at 545. The transaction was then complete. Any change in those vested benefits would constitute a change in the underlying transaction and would therefore be a retroactive application. *See also Krucker v. Goddard,* 99 Ariz. 227, 230, 408 P.2d 20, 22 (1965) (inclusion of Court of Appeals judges in retirement system would have retroactive effect). Therefore, for Thurston to prevail, it must be shown that the legislature intended the 1981 amendment to apply retroactively. A.R.S. § 1–244; *State v. Superior Court,* 139 Ariz. 422, 427, 678 P.2d 1386, 1391 (1984) (legislature must expressly indicate intent to apply statute retroactively).

#### c. Implied Right Doctrine

■ Alternatively, Thurston cites case law from California arguing that statutory increases to retirement benefits enacted after retirement are valid as part of the original contract. California has adopted an "implied right/pensionable status" doctrine in which subsequent amendments affecting persons who have attained "pensionable status" are held implied within the original contract. *See Sweesy v. Los Angeles County Peace Officers Retirement Bd.,* 17 Cal.2d 356, 110 P.2d 37, 39 (1941); *Nelson v. City of Los Angeles,* 21 Cal.App.3d 916, 98 Cal.Rptr. 892, 893 (1971). The trial court in the instant case seems to have adopted this reasoning: "In this Court's view, as a matter of law, the fair and reasonable expectation of an employee is that any future enacted benefits to the employee and the employee's spouse will be received unless the Legislature specifically states otherwise."

---

**2.** Appellants rely upon dicta in *Yeazell* concerning presumed situations in which a member "and his widow are forever bound thereby." *Yeazell,* 98 Ariz. at 117, 402 P.2d at 546. We do not specifically rely on this language to conclude

that survivor's rights are governed by the employment contract, but rather on the holding of *Yeazell,* that all retirement benefits are governed by contract. Survivor's benefits are simply one facet of the retirement benefits.

The "implied right/pensionable status" doctrine has not been addressed in Arizona. *See McClead v. Pima County,* 174 Ariz. 348, 359 n. 19, 849 P.2d 1378, 1389 n. 19 (App.1992). As noted above, the Arizona Supreme Court has held that retirement benefits are founded on general contract principles. *See Yeazell,* 98 Ariz. at 112–14, 402 P.2d at 543–44; *McClead,* 174 Ariz. at 359, 849 P.2d at 1389. Neither the trial court nor this court may modify this rule by adopting the "implied right/pensionable status" doctrine. We hold that an employee and an employee's spouse are entitled only to benefits specified in the employment contract.

2. Retroactive Intent Not Expressed

 Thurston argues that the legislature has enacted several amendments increasing the amounts paid to persons already retired. She reasons that, because these retroactive amendments were approved by this court in *McClead,* 174 Ariz. at 359, 849 P.2d at 1389, the retroactive application of the 1981 amendment should also be approved. In fact, however, the amendments considered in *McClead* provide contrasting examples of how the legislature expressly declares a statute's retroactive operation when that is its intent. Consider the following statute:

> Effective July 1, 1984, all persons who were receiving retirement benefits *including surviving spouse benefits on or before June 30, 1983 from the judges' retirement account* ... shall receive a permanent increase of [$205] for service pensions and [$90.60] monthly for spouse's pensions in their base benefit received on June 30, 1984.

1984 Ariz. Sess. Laws 1436, 1436 (emphasis added.) This statute expressly provides for retroactive operation. All of the amendments noted by Thurston and all of those considered in *McClead* have similar express provisions. The legislature clearly indicated that the increases considered in *McClead* would apply to persons retired before the enactment of those statutes. No similar express provision, however, is found in the 1981 amendment to A.R.S. section 38–801(C), *see* 1981 Ariz.Sess.Laws 1077, 1077–79. In its absence, we may not construe such an expression to apply. *See* A.R.S. § 1–244. An employment contract is not modified retroactively by a statutory amendment that does not include an express provision to that effect.

**Conclusion**

We hold that the 1981 amendment to A.R.S. section 38–801(C) does not apply retroactively. Because Thurston's retirement benefits are based upon her husband's pre–1981 employment contract, the amount of her survivor's pension is controlled by the pre–1981 section 38–801(C) and, therefore, she is entitled to receive only one-third of her husband's retirement pension.

The trial court is reversed and the case is remanded with directions to grant appellant's cross-motion for summary judgment.

McGREGOR, P.J., and GRANT, J., concur.