876 P.2d 545

Erna A. THURSTON, Plaintiff/Appellee,

v.

**JUDGES' RETIREMENT PLAN, Elected Officials' Retirement Plan, and their Fund Manager, Defendants/Appellants.**

No. CV–93–0451–PR.

Supreme Court of Arizona,
En Banc.

June 16, 1994.

Broening, Oberg & Woods by Gregg A. Thurston, Phoenix, for plaintiff/appellee.

Lieberman, Dodge & Sendrow, Ltd. by Marc R. Lieberman, Phoenix, for defendants/appellants.

## OPINION

MOELLER, Vice Chief Justice.

### STATEMENT OF THE CASE

Petitioner Erna A. Thurston asks this court to review a court of appeals' opinion reversing summary judgment in her favor. The court of appeals held that Mrs. Thurston is not entitled to have surviving spouse benefits, available under her deceased husband's pension, calculated according to the statute in effect at her husband's death. We vacate the court of appeals' opinion and affirm the trial court's ruling. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and A.R.S. § 12–120.24.

### FACTS AND PROCEDURAL HISTORY

Mrs. Thurston's husband, the late C. Edwin Thurston, was a Maricopa County Superior Court judge from January 1, 1965 to February 24, 1976, at which time he applied for and received retirement benefits for medical disability pursuant to A.R.S. § 38–802. When Judge Thurston took office, and when he retired, the statute governing his pension plan provided that his surviving spouse would receive monthly benefits equaling one-third of the monthly benefits being paid to the judge at his death ("one-third benefit"). See A.R.S. § 38–801(C) (1976).

In 1981, after Judge Thurston's retirement, the legislature amended A.R.S. § 38–801(C), increasing the surviving spouse benefits from one-third to two-thirds of the monthly benefits paid to retired judges ("two-thirds benefit"). In 1985, the legislature essentially repealed the plan under which Judge Thurston retired and merged it into the Elected Officials' Retirement Plan. This plan, in effect at Judge Thurston's death, retained the two-thirds benefit. See A.R.S. § 38–807.

After Judge Thurston's death in December 1989, Mrs. Thurston applied for the two-thirds benefit. The respondent Plan refused

Mrs. Thurston's claim, but agreed to pay her the one-third benefit.

### ISSUE

Whether Mrs. Thurston is entitled to surviving spouse benefits in the amount of two-thirds of the monthly benefits her husband was receiving at the time of his death.

### DISCUSSION

At the outset, we recognize that the survivor benefits can be viewed as both a right of the survivor, vesting upon the death of the employee, and as a contractual right of the employee, vesting at the time the employee begins employment. Regardless of how we view the survivor benefits in this case, whether as a right vesting in Mrs. Thurston or as a contractual right vesting in Judge Thurston, the outcome is the same: Mrs. Thurston is entitled to a two-thirds benefit.

### A. Mrs. Thurston's Right

■ Viewing the survivor benefits as vesting in the surviving spouse, it is clear that Mrs. Thurston's right did not vest until her husband's death. In *Hall v. A.N.R. Freight System, Inc.,* 149 Ariz. 130, 140, 717 P.2d 434, 444 (1986), this court held that

> Rights are vested, in contradistinction of being expectant or contingent. They are vested, when the right to enjoyment, present or prospective, has become the property of some particular person or persons as a present interest.... They are contingent when they are only to come into existence on an event or condition which may not happen or be performed until such other event may prevent their vesting.

(quoting *Steinfeld v. Neilsen,* 15 Ariz. 424, 465, 139 P. 879, 896 (1913)). In the present case, Mrs. Thurston's right to receive surviving spouse benefits was contingent upon an event that might not have happened—surviving her husband. Had Mrs. Thurston predeceased her husband, and had Judge Thurston remained unmarried, no one would be entitled to the benefits. Judge Thurston did not have a surviving spouse until he died. Therefore, the surviving spouse benefits did

not become the property of a particular person until his death in 1989. At his death, and only at his death, the benefits became the property of his then-ascertainable widow; before that time, they were not vested in Mrs. Thurston.

■ Having resolved that Mrs. Thurston's surviving spouse benefits were not yet vested at the time of the 1981 amendment, we must now determine if it was appropriate for the state to alter them. We start by determining whether the right to surviving spouse benefits is substantive or procedural. " '[I]t is generally agreed that a substantive law creates, defines and regulates rights while a procedural one prescribes the method of enforcing such rights or obtaining redress.' " *Hall*, 149 Ariz. at 138, 717 P.2d at 442 (quoting *Allen v. Fisher*, 118 Ariz. 95, 96, 574 P.2d 1314, 1315 (App.1978)). The surviving spouse benefits found in A.R.S. § 38–801(C) and retained in A.R.S. § 38–807 were created and defined by statute and are therefore a substantive right.

We held in *Hall* that " 'substantive rights may not be impaired [1] *once vested.*' " *Id.* 149 Ariz. at 140, 717 P.2d at 444 (emphasis in original). At issue in *Hall* was whether the Uniform Contribution Among Tortfeasors Act (UCATA), which by its terms applies retroactively to accidents occurring before its effective date, unconstitutionally deprived a defendant in a tort action of its right to assert a contributory negligence defense. The underlying injury occurred in February 1984, the UCATA became effective in August 1984, and the personal injury action was filed in September of that year. *Id.* at 132, 717 P.2d at 436. Thus, if the defendant's right vested at the time the injury occurred, the UCATA would impermissibly deprive him of the contributory negligence defense. This court held that because the defense of contributory negligence vests only upon the filing of a lawsuit, the UCATA "may constitutionally be applied to cases arising prior to the Act's effective date but filed subsequent thereto." *Id.* at 143, 717 P.2d at 447. In short, *Hall* stands for the proposition that

substantive rights may be statutorily altered prior to vesting.

In this case, because the 1981 amendment occurred before the vesting of Mrs. Thurston's right to survivor benefits, the alteration applies, and Mrs. Thurston is entitled to benefits calculated accordingly.

**B. Judge Thurston's Right**

■ The court of appeals, relying on *Yeazell v. Copins*, 98 Ariz. 109, 402 P.2d 541 (1965), held that Judge Thurston's retirement benefits, of which survivor benefits "are simply one facet," were governed and fixed by his employment contract and, as part of his contract, "were vested prior to the 1981 amendment. . . ." *Thurston v. Judges' Retirement Plan*, 177 Ariz. 428, 430, 868 P.2d 1011, 1013 (App.1993). In other words, at the time Judge Thurston took office, he obtained a vested contractual right to have his surviving spouse, if any, receive benefits after his death. However, even if we view the right to survivor benefits as a contractual right vested in Judge Thurston at the time he took office, as did the court of appeals, we still reach the conclusion that the 1981 amendment became part of his contract and that Mrs. Thurston is entitled to the two-thirds benefit.

■ Admittedly, some of the Arizona cases dealing with this subject contain some confusing and possibly contradictory language. *Yeazell* holds that "subsequent legislation may not be arbitrarily applied retroactively to impair the contract." *Yeazell*, 98 Ariz. at 117, 402 P.2d at 546. However, we also read *Yeazell* as holding that when the amendment is beneficial to the employee or survivors, it automatically becomes part of the contract by reason of the presumption of acceptance. *Id.* Such beneficial amendments present no constitutional issue of impairment of contract, the usual focus of cases considering the validity of retirement fund amendments. *See McClead v. Pima County*, 174 Ariz. 348, 849 P.2d 1378 (App.1992); *Fund Manager v. City of Phoenix Police Dep't*, 151 Ariz. 487, 728 P.2d 1237 (App.

---

1. We note that the present case involves an improvement. We will use the term "alteration" instead of impairment or improvement.

1986). Where the modification is detrimental to the employee, it may not be applied absent the employee's express acceptance of the modification because it interferes with the employee's contractual rights. *Yeazell,* 98 Ariz. at 117, 402 P.2d at 546. Because the amendment in this case was beneficial to the employee and survivor, it became part of the contract.

At Judge Thurston's death, his contract provided that his surviving spouse was entitled to benefits equaling two-thirds of his monthly benefits. Because Mrs. Thurston qualifies as Judge Thurston's surviving spouse, she is entitled to receive those benefits.

### DISPOSITION

The trial court correctly granted Mrs. Thurston's motion for summary judgment. Accordingly, we affirm the judgment of the trial court and vacate the opinion of the court of appeals.

FELDMAN, C.J., and CORCORAN, ZLAKET and MARTONE, JJ., concur.