NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SCOTT VEACH, *Plaintiff/Appellant,*

*v.*

CITY OF CHANDLER, *Defendant/Appellee.*

No. 1 CA-CV 25-0087

FILED 09-30-2025

Appeal from the Superior Court in Maricopa County
No. CV2024-050023
The Honorable Frank W. Moskowitz, Judge

**AFFIRMED**

COUNSEL

Steven J. Serbalik PLC, Scottsdale
By Steven J. Serbalik
*Counsel for Plaintiff/Appellant*

Green & Baker Ltd, Scottsdale
By Katherine E. Baker
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Michael S. Catlett delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge Andrew M. Jacobs joined.

---

**C A T L E T T**, Judge:

¶1        In 2014, the Arizona Legislature passed the Peace Officers Bill of Rights ("the POBR").  A.R.S. § 38-1101 *et seq.*  Among other things, the POBR protects law enforcement officers, with limited exceptions, from disciplinary action without just cause.  A.R.S. § 38-1103.  As originally enacted, the POBR allowed employers and law enforcement officers to form employment agreements, such as at-will employment agreements, deviating from the POBR's protections.  *See* A.R.S. § 38-1102 (2014).  But, in 2022, the legislature amended the POBR to allow only employment agreements supplementing or enhancing the POBR's protections.  A.R.S. § 38-1102 (2022).  We refer to the original, 2014 version of § 38-1102 as the "2014 statute" and the amended version as the "2022 statute."

¶2        We decide here whether the 2022 statute retroactively preempts a written at-will employment agreement between an employer and a law enforcement officer that deviated from the POBR's provisions. We conclude the 2022 statute does not.  Nothing in that statute expressly declares it retroactive, the statute impacts the parties' substantive rights in their at-will agreement, and those substantive rights vested when the parties executed the at-will agreement.  We therefore affirm.

## FACTS AND PROCEDURAL HISTORY

¶3        Scott Veach ("Veach") worked for the City of Chandler ("Chandler") as a law enforcement officer for twenty-eight years.  In June 2020, Chandler promoted him to Police Commander.  In connection with that promotion, Veach and Chandler signed a document entitled, "City of Chandler At-Will Employment Status," agreeing his position was at-will, so he could be terminated "at any time, for any lawful reason or no reason, with or without cause[.]"

¶4        In November 2023, Chandler provided notice to Veach that it would be dismissing him from his position effective December 1, 2023. After receiving that notice, but before his dismissal became effective, Veach

2

sent Chandler a notice of retirement. The next day, however, Veach rescinded his retirement notice, explaining he only sent it because he thought it necessary to receive retirement benefits, but he did not intend to retire.

**¶5**        In December 2023, Veach requested to appeal his termination to the Chandler Merit System Board. Veach argued the POBR entitled him to an appeal. *See* A.R.S. § 38-1107. Chandler denied Veach's request. Chandler explained that Veach was an at-will employee, so it could terminate him without just cause and he had no right to appeal.

**¶6**        Veach sued Chandler in superior court, seeking de novo review under A.R.S. § 38-1107(B). Chandler moved to dismiss Veach's complaint. It argued the court should do so because Veach did not first file a notice of claim. *See* A.R.S. § 12-821.01. Chandler also argued Veach voluntarily retired, so he did not qualify for review under § 38-1107(B). The superior court dismissed Veach's complaint with leave to amend.

**¶7**        Veach filed an amended complaint, again requesting de novo review under § 38-1107(B). Chandler again moved to dismiss, this time asserting § 38-1107(B) did not apply because Veach was an at-will employee whom Chandler could terminate without just cause. Chandler also argued the 2014 statute applied to Veach's at-will agreement—not the 2022 statute—because the parties formed the agreement in 2020 and the 2022 statute is not retroactive. *See* A.R.S. § 38-1102 (2014); § 38-1102 (2022).

**¶8**        The superior court dismissed Veach's amended complaint. The court agreed with Chandler that the 2022 statute does not apply retroactively. The court explained that the relevant event for determining whether the 2022 statute applied was the date of Veach's at-will agreement. The court also concluded that, even if the 2022 statute applied retroactively, applying § 38-1102 to nullify the at-will agreement would violate the Contracts Clause in both the Arizona and United States Constitutions.

**¶9**        Veach timely appealed. We have jurisdiction. *See* A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶10**        Veach argues the superior court erred in dismissing his amended complaint because applying the 2022 statute does not trigger the presumption against retroactivity. We review de novo a judgment dismissing a complaint under Rule 12(b)(6). *CVS Pharmacy, Inc. v. Bostwick*, 251 Ariz. 511, 516 ¶ 10 (2021).

3

## I.     The 2014 and 2022 Statutes

¶11          When enacted in 2014, the POBR provided the following:

> A peace officers bill of rights is established. This article does not preempt agreements that *supplant, revise or otherwise deviate from* the provisions of this article, including written agreements between the employer and the law enforcement officer or the law enforcement officer's lawful representative association.

A.R.S. § 38-1102 (2014) (emphasis added).    The language allowing agreements to "otherwise deviate from" the POBR allowed at-will employment agreements between employers and law enforcement officers.

¶12          In 2022, the legislature amended § 38-1102 to read as follows:

> The peace officers bill of rights is established. This article outlines the minimum rights given to peace officers in this statute. This article does not preempt agreements that *supplement or enhance* the provisions of this article, including written agreements between the employer and the law enforcement officer or the law enforcement officer's lawful representative association.

A.R.S. § 38-1102 (2022) (emphasis added).    By doing so, the legislature preempted agreements between employers and law enforcement officers unless the agreement supplements or enhances the POBR's protections. Because at-will employment agreements allow officers to be terminated without just cause, they do not supplement or enhance the POBR's protections.    They do the opposite—they contradict the "just cause" protection in § 38-1103.    Therefore, the 2022 statute preempts at-will employment agreements between employers and law enforcement officers.

¶13          Chandler and Veach disagree about which version of the statute applies—2014 or 2022.  If the 2014 version applies, Veach was an at-will employee, Chandler could terminate him without just cause, and Veach has no appeal rights.  If the 2022 version applies, it preempts the parties' at-will agreement, requires just cause to terminate Veach, and grants him appeal rights.

## II.  Retroactivity Analysis

**¶14**　　　In Arizona, "[n]o statute is retroactive unless expressly declared therein."　A.R.S. § 1-244.　We therefore apply a "canon of construction" that "statutes are presumed to have a prospective and not a retroactive effect." *Gietz v. Webster*, 46 Ariz. 261, 267 (1935); *see also Krol v. Indus. Comm'n*, 259 Ariz. 261, ___ ¶¶ 22–24 (2025).　This presumption "is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic"; it ensures individuals "have an opportunity to know what the law is and to conform their conduct accordingly[.]" *Landgraf v. USI Film Prods.*, 511 U.S. 244, 265 (1994).

**¶15**　　　The parties agree, as do we, that the 2022 statute contains no express retroactivity language.　But "the absence of any legislative declaration about retroactivity does not end our inquiry." *State v. Fell*, 210 Ariz. 554, 560 ¶ 22 (2005).　Rather, a statute that is silent on retroactivity may still apply retroactively if certain conditions are met.

**¶16**　　　One such condition is when a statute affects only a "procedural" right, as opposed to a "substantive right." *State v. Gum*, 214 Ariz. 397, 403 ¶ 23 (App. 2007).　"[S]ubstantive law creates, defines and regulates rights while a procedural one prescribes the method of enforcing such rights or obtaining redress." *Hall v. A.N.R. Freight Sys., Inc.*, 149 Ariz. 130, 138 (1986) (quoting *Allen v. Fisher*, 118 Ariz. 95, 96 (App. 1977)).　If a statute is merely procedural, it may be applied retroactively because "litigants have no vested right in a given mode of procedure." *Aranda v. Indus. Comm'n*, 198 Ariz. 467, 470 ¶ 11 (2000).　Conversely, the legislature "may not disturb vested substantive rights by retroactively changing the law that applies to completed events." *San Carlos Apache Tribe v. Super. Court*, 193 Ariz. 195, 205 ¶ 15 (1999).

**¶17**　　　The 2022 statute is substantive—it "'creates, defines, and regulates rights'" that peace officers employed in Arizona have vis-à-vis their employers (and vice versa). *Hall*, 149 Ariz. at 138 (quoting *Allen*, 118 Ariz. at 96).　The 2022 statute expressly acknowledges as much: "This article outlines the minimum rights given to peace officers in this statute."　A.R.S. § 38-1102 (2022).　The 2022 statute's preemption provision regulates the kinds of employment agreements officers and their employers may enter. Ordinarily, employees and employers are free to form at-will employment agreements. *See Demasse v. ITT Corp.*, 194 Ariz. 500, 504–05 ¶ 12 (1999). But the 2022 statute preempts such agreements between officers and their employers.　Legislation prohibiting a particular type of employment agreement regulates the right to contract, which is a substantive right. *See*

*Banner Health v. Med. Sav. Ins. Co.*, 216 Ariz. 146, 150 ¶ 15 (App. 2007) ("It has long been the rule in Arizona that a valid statute is automatically part of any contract affected by it, even if the statute is not specifically mentioned in the contract." (internal citations and quotation marks omitted)); *Merrill v. Gordon*, 15 Ariz. 521, 531 (1914) ("Freedom of contract and freedom in the use and disposition of one's own are no less sacred than freedom of speech."); *Landgraf*, 511 U.S. at 271 ("The largest category of cases in which we have applied the presumption against statutory retroactivity has involved new provisions affecting contractual or property rights, matters in which predictability and stability are of prime importance."). The 2022 statute regulates the substantive content of employment agreements between law enforcement officers and their employers.

¶18 We next determine whether Chandler, prior to the 2022 statute, had a vested, substantive right in its at-will employment agreement with Veach. *See Hall*, 149 Ariz. at 140. "[A] right vests only when it is actually assertable as a legal cause of action or defense or is so substantially relied upon that retroactive divestiture would be manifestly unjust." *Id.* In determining whether a statute impairs a vested right, "we must identify the operative event that is relevant to the statute's applicability." *Gum*, 214 Ariz. at 404 ¶ 27.

¶19 Veach argues that the presumption against retroactivity does not apply because applying the 2022 statute does not have a retroactive effect. Veach argues the operative event is the date of his disciplinary action. And because that event occurred after the 2022 statute became effective, the presumption against retroactivity does not apply. Chandler responds that its contractual rights vested when the parties entered into the at-will agreement in 2020. Chandler argues it, therefore, had a vested right before the 2022 statute became effective, and the presumption against retroactivity prevents applying that statute to preempt the at-will agreement. The superior court agreed with Chandler, and so do we.

¶20 Veach's theory—that the operative event is the date of disciplinary action—is incorrect. As explained, the 2022 statute ensures that agreements between law enforcement officers and their employers do not weaken the POBR's procedural protections. It does so by preempting employment agreements that do not "supplement or enhance" the POBR. A.R.S. § 38-1102 (2022). While nullifying at-will agreements does have downstream procedural consequences, s*ee* A.R.S. §§ 38-1103, -1104, -1106, the statute's most immediate impact is to prohibit employers and peace officers from bargaining for at-will agreements, which the 2014 statute preserved. In other words, whether Veach is entitled to the POBR's

procedural protections most immediately turns on whether he entered an at-will agreement before the 2022 statute, not on whether his disciplinary action occurred after the 2022 statute existed. *See Bob Tatone Ford, Inc. v. Ford Motor Co.*, 197 F.3d 787, 791–92 (6th Cir. 1999) (a statute impacting termination of a contract was substantive and "Ford acquired its rights under the contract when the parties executed the agreements and not when Ford exercised those rights").

¶21　　　　Contrary to Veach's theory, Chandler's substantive rights in its at-will agreement with Veach vested before the 2022 statute existed. *See Ward v. Chevron U.S.A. Inc.*, 123 Ariz. 208, 209 (App. 1979) ("The rights and obligations of the parties vested on the date the agreements were executed."). We know this because, had Chandler terminated Veach later in 2020 and had Veach sued for wrongful termination, Chandler could have asserted at-will employment as a defense. *See Harper v. State*, 241 Ariz. 402, 404 ¶ 8 (App. 2016) ("At-will employment means that the employer-employee relationship can be terminated at the pleasure of either party, whether with or without cause." (internal quotation marks omitted)). Similarly, had Veach left his employment for any reason, Chandler would have had no recourse. Chandler's right to treat Veach as an at-will employee, including the right to terminate him without just cause, vested when the parties executed the at-will agreement in 2020. *See Pascale Service Corp. v. International Truck and Engine Corp.*, 558 F. Supp. 2d 217, 222 (D. R.I. 2008) ("As with all elements of a contract, [the ability to terminate] was the result of bargaining between the parties and an exchange of mutual promises and obligations, and became vested when the parties entered their Agreement.").

¶22　　　　The substantive right at issue here vested two years before the 2022 statute went into effect. With no reason to depart from the presumption against retroactivity, we conclude the 2022 statute does not apply to Veach, and neither do the appeal rights in § 38-1107. We affirm the superior court's judgment dismissing Veach's amended complaint.

## ATTORNEY FEES AND COSTS

¶23　　　　Both parties request an award of attorney fees on appeal. We deny Veach's request because he is not the prevailing or successful party. In the exercise of our discretion, we also deny Chandler's fee request. We award Chandler its taxable costs on appeal, subject to compliance with Arizona Rule of Civil Appellate Procedure 21.

**CONCLUSION**

**¶24** We conclude that, under the presumption against retroactivity, the 2022 statute does not preempt the parties' at-will agreement executed in 2020. Because we affirm dismissal of Veach's amended complaint on that ground, we do not address Chandler's argument that the 2022 statute violates the Contract Clause in the Arizona and United States Constitutions. *See State v. Korzuch*, 186 Ariz. 190, 195 (1996) ("In general, . . . we should resolve cases on non-constitutional grounds in all cases where it is possible and prudent to do so.").



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:            JR